Charles A. KERR and Nancy A. Kerr, Appellants,

v.

IOWA PUBLIC SERVICE COMPANY, Appellee.

No. 61835.

Supreme Court of Iowa.

Jan. 24, 1979.

Lowell C. Kindig and Stanley Munger of Kindig, Beebe, McCluhan, Rawlings & Nieland, Sioux City, for appellants.

T. M. Whicher and A. J. Stoik of Stewart, Hatfield, Klass & Whicher, Sioux City, for appellee.

Don Charles Uthus and Diane McIntire, Des Moines, for amicus curiae, Iowa State Commerce Commission.

Considered by REES, P. J., and McCOR-MICK, ALLBEE, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

In this appeal plaintiffs Charles A. Kerr and Nancy A. Kerr challenge the dismissal by the district court of a petition for permanent injunction to halt condemnation of an easement across their property to be used for construction and maintenance of an electric transmission line by defendant Iowa Public Service Company (IPS). IPS sought and obtained a franchise with right of eminent domain from the Iowa Commerce Commission under chapter 478, The Code, 1977, for construction and maintenance of the line. Kerrs did not seek judicial review of the Commission proceedings under the Iowa Administrative Procedure Act (IAPA), chapter 17A, but instead pursued an independent petition for injunction in district court. The court dismissed the petition for lack of subject matter jurisdiction.

I. *Facts.* IPS petitioned the Commission in November 1976 for a franchise to "erect, operate and maintain an electric transmission line" pursuant to then chapter 489, The Code, 1975, which has been renumbered by the Code Editor in the 1977 Code as chapter 478. A franchise under chapter 478 includes the right of eminent domain "to such extent as the commission may approve, prescribe and find to be necessary for public use." § 478.15, The Code, 1977.

Defendant proposes to construct a 345,000 volt electric transmission line originating at its Raun substation, located near the George Neal generating station in the Fort-Neal Industrial area south of Sioux City, Iowa, and extending northerly to the U.S. Bureau of Reclamation substation located near U.S. highway No. 75, approximately

two miles south of Hinton, Iowa. The line would cover approximately 23.4 miles.

IPS seeks to condemn a 150′ wide easement across farmland owned by Kerrs in Woodbury County for construction and maintenance of the line. The section of Kerr property in the path of the proposed line is presently intersected by a railroad and an existing power line.

In accordance with the provisions of §§ 478.2–478.5, IPS sent notice to the owners and possessors of affected property of an informational meeting, the petition for franchise and of the scheduled hearing on that petition before the Commission. Kerrs responded both in writing and orally at the petition hearing that they objected to condemnation of a permanent easement across their property.

After hearing on June 8, 1977 the Commission apparently overruled Kerrs' objections and on December 8, 1977 ordered a franchise granted to IPS under chapter 478. The franchise stated it was:

> granted and issued for a period of twenty-five years from and after the date hereof unless sooner revoked, modified or terminated as provided by law. . . .

The franchise further provided that:

> During the period of time this franchise is in force the holder hereof is vested with the right of eminent domain to such extent as may be necessary and as prescribed and approved by the said Iowa State Commerce Commission in its Order granting this franchise.

The order granting the franchise, in turn, stated that:

> The use of the right of eminent domain by the Petitioner is hereby prescribed and approved to construct, erect, operate and maintain an electric transmission line, together with the right to cut and trim dangerous trees and the right of ingress and egress for such purposes.

Although § 478.32 entitled aggrieved persons to rehearing procedures and states judicial review may be sought under the IAPA, Kerrs did not pursue any legal remedy until condemnation proceedings were imminent. On January 13, 1978 IPS filed an application with the chief judge of the judicial district for appointment of a commission to appraise damages for condemnation of a permanent easement across Kerrs' property. The commission was appointed the same day. Notice was served on Kerrs January 19, 1978 that the commission had been appointed and would meet March 3, 1978. On March 1, 1978 Kerrs filed a petition in district court for hearing on temporary and permanent injunctions. The petition included as grounds the following:

. . . . .

4. Defendant was given a franchise to erect, maintain and operate the proposed transmission line for a period of twenty-five (25) years from the date of the franchise, December 8, 1977 . . .

. . . . .

7. Defendant, given its franchises to erect and maintain the proposed power line and sell its services for only a limited period of time is now seeking to condemn a perpetual easement.

8. Defendant's right to operate its power plants and sell gas and electricity to customers in this area is given to it by franchises which are not perpetual and are for a specified period of years and the remaining life of such franchises is unknown to plaintiff, but plaintiff, on information and on belief, alleges said franchise will expire in less than twenty-five (25) years.

9. Defendant has no right to exercise the power of eminent domain or to construct the proposed transmission line because it has not received the permit required by Chapter 476A of the 1977 Code of Iowa.

10. The franchise, Exhibit "B", is of no legal force and effect because it was given in proceedings under Chapter 478 of the Code and the proceedings and a permit should have been given under Chapter 476A of The Code.

11. Defendant is exceeding the authority given to it by the Iowa Commerce Commission and the authority given to it

by law, and has no legal right to condemn a perpetual easement.

.    .    .    .    .

IPS answered and asked dismissal of the injunction petition asserting, among other grounds, that the district court lacked jurisdiction due to Kerrs' failure to comply with the IAPA judicial review provisions. After an evidentiary hearing, the court dismissed the petition upon finding that the Kerrs' remedy, if any, was prescribed by the IAPA. The court further stated that the record indicated the issues raised by Kerrs had been considered by the Commission and resolved adversely to them.

Kerrs appeal the dismissal.

II. *Issues.* Kerrs present two issues for review in challenging dismissal of the injunction petition. First, we are asked to decide whether the franchise and right of eminent domain conferred on IPS by the Commission limit the power of IPS to condemn only a 25-year easement. Next, we are asked to decide whether IPS may legally proceed with condemnation in absence of a chapter 476A certificate of public convenience, use and necessity.

Because appellants failed to utilize the judicial review procedures of the IAPA, we affirm the trial court dismissal of the injunction petition and are unable to reach the merits of the claims underlying the petition. Our reasons for concluding each of the two issues were precluded from review in the injunction action, however, differ to some degree. We, therefore, consider separately the applicability of the IAPA to each of the issues.

III. *Disposition.* The IAPA, effective in Iowa since July 1, 1975, purports to apply to "all suits for the judicial review of agency action that are not specifically excluded . . . by the express terms of another chapter." § 17A.1(2). The judicial review provision, itself, states that:

Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provision of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

§ 17A.19.

With the above provision in mind, we turn to a consideration of appellants' claim that IPS lacks authority to condemn a perpetual easement across their land. There is no dispute that the Commission order granting IPS a franchise constituted "agency action" within the meaning of § 17A.19.[1] Appellants contend, however, that they do not challenge the Commission order. It is appellants' position that the Commission did not grant authority to IPS to condemn an easement in perpetuity. The power to utilize eminent domain was prescribed "to construct, erect, operate and maintain an electric transmission line." It is IPS, according to appellants, that has acted illegally in exceeding the power conferred and in seeking to condemn in perpetuity. Appellants, therefore, argue they do not seek review of "agency action" in granting the order but seek review of the violation of that order by IPS.

We are unable to accept appellants' position and agree with the court in finding that the issue was considered and resolved adversely to appellants by the Commission. Although the franchise order did not utilize language explicitly stating the right to condemn in perpetuity, there is evidence that during the hearing the Commission did pass on Kerrs' complaint. In a letter to the Commission dated September 1, 1976, both appellants stated they "object to this being a permanent easement with one lump sum payment." Later, in the hearing on the petition for injunction, appellants' attorney stipulated that Charles Kerr "objected to Iowa Public Service condemning a permanent easement in his property . . ." in writing and orally before the Commission. Since we conclude the Commission con-

---

1. § 17A.2(9) defines agency action as including "the whole or part of an agency rule or other statement of law or policy, *order*, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof . . ." (Emphasis supplied.)

sidered and passed on Kerrs' objections at hearing, it is the order reflecting the findings and conclusions of the Commission, rather than the IPS actions which must be reviewed.

■ Once it is determined that appellants seek review of the Commission order, the exclusivity of the IAPA judicial review provisions can not be disregarded.[2] Judicial review of the administrative proceedings is a right conferred by statute. *Richards v. Iowa State Commerce Commission,* 270 N.W.2d 616, 619 (Iowa 1978); *Iowa Public Service v. Iowa State Commerce Commission,* 263 N.W.2d 766, 768 (Iowa 1978); *Eastern Iowa Light and Power Cooperative v. Interstate Power Company,* 164 N.W.2d 135, 138 (Iowa 1969).

■ We have said that where a right of judicial review is statutory, the procedure prescribed, by the statute must be followed. *Richards v. Iowa State Commerce Commission,* 270 N.W.2d at 619. In *Richards* we held that failure to satisfy requirements of § 17A.19 was a jurisdictional defect where appellants took an interlocutory appeal without showing that review of final agency action would not provide an adequate remedy. *Id.* at 624. In *Iowa Public Service Company v. Iowa State Commerce Commission,* 263 N.W.2d at 770, we held that failure to comply with § 17A.19 venue requirements was a jurisdictional defect.

■ A stay order of the Commission's action granting the franchise and right of eminent domain was possible under § 17A.19 (5) pending the outcome of the judicial review proceedings. Kerrs did not utilize that procedure.

■ Turning to appellants' second issue, we are asked to decide whether IPS must obtain a chapter 476A certificate to legally proceed with condemnation and construction. Once more there is no dispute that the Commission order granting IPS a fran-

chise constituted "agency action" within the meaning of § 17A.19. Appellants again contend, however, that they do not challenge the Commission order. In their brief submitted to this court, appellants claim they do not challenge the propriety of the issuance of a franchise under chapter 478. However, Kerrs contend IPS was, nevertheless, required to obtain a chapter 476A certificate in addition to the franchise. Appellants, therefore, purport to seek review not of the Commission order but of the IPS action in proceeding to condemn in absence of a chapter 476A certificate.

We, again, are unable to accept appellants' justification for pursuing a remedy outside the IAPA. Although appellants now argue that the requirements of chapter 478 and 476A must both be satisfied to empower IPS to legally proceed, appellants did not so argue before the district court. The petition for injunction stated the franchise is of:

> no legal force and effect because it was given in proceedings under Chapter 478 of the Code and the proceedings and a permit should have been given under Chapter 476A of the Code.

This allegation constituted a challenge to the legality of the Commission's order and the right of eminent domain granted to IPS thereunder. The challenge, therefore, comes within the scope of the IAPA. Such was the situation confronting the trial court.

■ Appellants urge that the requirements of the IAPA are, in any event, overridden by the injunctive remedy provided in § 476A.14(2). However, this provision for injunctive relief is ineffective to override the IAPA. The judicial review provision of the IAPA stated that it is the exclusive remedy unless "expressly provided otherwise by another statute referring to this Chapter by name." § 17A.19. Although Chapter 476A was enacted[3] after § 17A.19(1), we find no express exemptive

---

2. An exception to the exclusive judicial review mechanism exists where expressly provided by another statute. § 17A.1(2). However, appellants do not allege nor are we aware of any statutory exemption pertinent to this issue.

3. Chapter 476A became effective July 1, 1976. 1976 Iowa Acts, ch. 1206.

language in § 476A.14 referring to the IAPA.

■ Unlike the challenge to the IPS authority to condemn in perpetuity, this chapter 476A argument is unsupported by evidence that appellants presented the question to the Commission for ruling. Although standing is not an issue in this case, we note the failure to have presented the argument does not exempt appellants from the IAPA requirements. The judicial review mechanism is the "exclusive means by which *a person or party who is aggrieved or adversely affected by agency action may seek judicial review.*" (Emphasis added.)

Kerrs' contention in the trial court that the franchise was invalid constituted a direct attack on agency action. This attack and the duration of easement contentions by Kerrs required them to seek relief before the Commission and by judicial review through the procedures outlined in the IAPA, chapter 17A.

The court correctly dismissed the petition for injunctive relief. The trial court is affirmed.

AFFIRMED.