Robert H. BUDDE and Committee to Oppose Annexation, Robert H. Budde, Chairman, Appellees,

v.

CITY DEVELOPMENT BOARD and City Development Commission, Appellants,

and

City of Dubuque, Iowa, Intervenor-Appellant.

No. 61245.

Supreme Court of Iowa.

March 21, 1979.

Richard C. Turner, Atty. Gen., and Larry M. Blumberg, Asst. Atty. Gen., for appellants.

R. N. Russo, City Atty., and Barry A. Lindahl, Asst. City Atty., for intervenor-appellant.

J. Wilson McCallister of Cooney, McCallister & Zwack, Dubuque, for appellees.

McGIVERIN, Justice.

Our opinion filed December 20, 1978 which dismissed this appeal is hereby withdrawn.

After our prior opinion, respondents and intervenor-respondent filed a petition for rehearing which we granted. However, we again conclude we are obliged to dismiss as untimely the appeal by all respondents in this annexation dispute.

I. *Background.* Petitioners are objectors to annexation of certain territory to the City of Dubuque under chapter 368, The Code 1975. Respondent City Development Board is a three-member body created by § 368.9. Respondent City Development Committee is composed of the Board and local representatives appointed as provided in § 368.14 to hear and consider the annexation petition by the City of Dubuque.[1]

The Committee approved the petition for annexation and the Board ordered that the petition be submitted to electors of the City and territory to be annexed in a special election, as provided by § 368.19.

Petitioners filed suit in district court against the Board and Committee for judicial review of their actions under chapter 17A, The Code 1975. City of Dubuque intervened as a respondent.

No additional evidence was taken by the district court in the judicial review proceedings. The pretrial conference order stated in part:

All parties advised the Court that no party proposes to introduce evidence in addition to the record before the City Development Board and the official record of the subsequent election, all of which are now on file herein, and any hearing required will be restricted to legal arguments only and shall not be an evidentiary hearing.

No party objected to this order; the case was heard and decided on the articulated basis.

On September 1, 1977 the trial court filed its "Findings of fact, Conclusions of law, Judgment and Decree," setting aside the approval of the petition by the Committee and the subsequent election in which a majority of the qualified electors approved the annexation.

The "Findings of fact" by the trial court in substance constituted recitation and discussion of the prior actions of the intervenor and respondents, the objections of petitioner, the applicable statutes and cases, and some holdings by the court. No separate "Conclusions of law" section appeared. Neither actual findings of fact on new evidence nor de novo review of prior evidence was made. The "Judgment and Decree" thereupon set aside the approval of the petition and the election.

On September 9 the Board and Committee served, under rule 82(d), R.C.P., a motion to reconsider the judgment of September 1. The City of Dubuque did not join in the motion, which was not filed with the clerk of district court until September 16. The motion asked the court to reconsider its ruling interpreting § 368.14 as to the number of local representatives that should be appointed to the Committee and to expand its judgment to order a remand for further agency action.

Petitioners filed a resistance pointing out the motion was not authorized by the Iowa Rules of Civil Procedure.

On September 26 the court filed an order denying the motion. The court stated, inter alia, that a motion to reconsider was neither appropriate nor proper in this case.

On October 24 the Board and Committee filed notice of appeal from the September 1 judgment and the order entered on September 26 denying the motion to reconsider.

On October 25 the City of Dubuque filed a similar notice of appeal.

II. *Proceedings.* On November 7 petitioners moved to dismiss the appeal claiming a lack of jurisdiction due to failure by respondents and intervenor-respondent to take timely appeals pursuant to rule 5(a), R.App.P. On November 23, by order of one justice of this court, the motion to dismiss the appeal was overruled. The order stated

---

1. Because this appeal is being dismissed, we take no position on the propriety of the composition of the Committee under the record in this case. That issue was raised in the merits of the appeal, which we do not reach.

respondents' motion to reconsider was provided for in rule 179(b), R.C.P., and found the seven days between service and filing with the clerk of court to be a reasonable time under rule 82(d), R.C.P. It further said the filing of the notices of appeal by respondents and respondent-intervenor was timely.

Rule 22(f), R.App.P., states the action of a single justice may be reviewed by this court. We now proceed with that review.

■ Although petitioners moved to dismiss the appeal, we are obliged to do so even on our own motion when an appeal is not authorized by rule. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

We ordered briefs and oral argument on the petition for rehearing as to the issue of this court's jurisdiction concerning: (1) whether seven days is a reasonable time for filing after service for purposes of rule 82(d), R.C.P. and (2) whether the motion to reconsider in this case was a proper motion pursuant to rule 179(b), R.C.P.

The parties complied and we now consider those issues.

■ III. *Reasonable time under rule 82(d), R.C.P.* The trial court entered its judgment and decree on September 1, 1977; thereafter, respondents served a purported rule 179(b) motion by mailing the motion to petitioners' attorney on September 9 under rule 82(b). Monday September 12 was the last day for filing (serving) a motion under rule 179(b). See § 4.1(22); rules 243, 244 and 247, R.C.P.

The motion was filed with the clerk of court on Friday, September 16.

In determining whether the seven day delay between mailed service on September 9 and filing on September 16 was reasonable, we must construe rule 82(d) which provides in part:

Whenever these rules require a filing within a certain time said filing shall be deemed timely if service is made within said time and filing is completed *within a reasonable time thereafter.* (Emphasis added.)

In *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978), we defined reasonable time as being:

such time as is necessary, under the circumstances, for a reasonably prudent and diligent man to do conveniently what the contract or duty requires should be done, having regard for the rights, and possibly the loss if any to the other party affected.

. . . .

Application of these criteria is somewhat hampered by the record. There is nothing of record as to how the motion was conveyed from the attorney for respondents in Des Moines to the office of the clerk in Dubuque. If it was mailed as late as September 12, the last day on which to serve a motion, the filing in the clerk's office occurred only four days thereafter. Cf. rule 83(b), R.C.P. (three days additional time allowed a party served with a mailed notice to take appropriate action). However, we note that there has been no indication of loss to petitioners as a result of the filing date in the clerk's office. Petitioners filed a resistance to the motion on September 16 and the court denied the motion on September 26.

We, therefore, hold on the record in this case that seven days was a reasonable time under rule 82(d) for filing of the motion with the clerk of court, following service by mail on petitioners' attorney under rule 82(b).

IV. *Proper motions under rule 179(b), R.C.P.* Respondents' motion to reconsider must qualify as a proper motion under rule 179(b), R.C.P., if it is to toll the 30-day period for taking an appeal under rule 5(a), R.App.P. Although we find the district court proceedings to be governed by chapter 17A imposing a 30-day period for taking appeal, we further find respondent's motion to reconsider inappropriate on the record

and conclude the motion filed failed to toll the 30-day period.

■ Chapter 368 governed the proceedings in this annexation case and the actions of the Board and Committee; however, we believe chapter 17A, the Iowa Administrative Procedure Act, prevailed over § 368.22 as the exclusive method of judicial review in this case. Section 368.22, The Code 1975, had provided for an appeal to district court of a decision of the Board or Committee, or the legality of an election. Chapter 368, however, was enacted in 1972 and is superceded by chapter 17A which establishes the exclusive means of seeking judicial review of agency action, unless expressly provided otherwise by statutory reference to chapter 17A. Chapter 17A, therefore, was the exclusive means by which petitioners could seek judicial review of agency action in absence of express provision to the contrary.[2]

Assuming the applicability of the exclusive review provisions of chapter 17A, petitioners argue that district court review of this annexation proceeding constituted review of a contested case. From this premise petitioners would have us conclude the motion to reconsider was not a proper motion under rule 179(b).

Section 17A.2(2) states:

"Contested case" means a proceeding including but not restricted to rate-making, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution *or* *statute* to be determined by an agency after an opportunity for an evidentiary hearing. (Emphasis added.)

A helpful discussion of the statutory definition of contested case appears in Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act*, 63 Iowa L.Rev. 285, 290–312 (1977).

Petitioners argue that § 368.15, which provides for a public hearing on the annexation proposal, when considered with Board rules, required the "legal rights, duties or privileges of a party . . . to be determined by an agency after an opportunity for an evidentiary hearing" and, thereby, satisfies the definition of contested case.

Section 368.15, providing for a public hearing with notice of an annexation proposal states:

Any person may submit written briefs, and in the committee's discretion may be heard on the proposal. The board may subpoena witnesses and documents relevant to the proposal.

The rules of the Board, made applicable to the Committee, elaborate on § 368.15 and speak in terms of "opposing parties" who may appear and present evidence at hearings following the filing of the petition with the Board. The administrative rules of the Board provide that "the Committee chairperson shall determine the order in which opposing parties shall submit evidence. Parties who are neither the petitioner nor opposing parties may appear at a public hearing and present evidence." IAC § 220–

---

2. The legislature amended § 368.22, effective January 1, 1979, to state that chapter 17A shall be the *exclusive means of judicial review* with certain exceptions not relevant here. The new language provides: ˙

Appeal must be filed within thirty days of the filing of a decision or the publication of notice of the result of an election.

The judicial review provisions of this section and chapter seventeen A (17A) of the Code shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with directions. The following portions of section seventeen A point nineteen (17A.19) of the Code are not applicable to this chapter:

1. The part of subsection two (2) which relates to where proceedings for judicial review shall be instituted.

2. Subsection five (5).

3. Subsection eight (8).

1978 Iowa Acts, chapter 1128, § 2 at 666–667.

2.3(368) (1975). Additionally, the Committee observes rules of privilege recognized by law and may exclude certain types of evidence. IAC §§ 220.2.5(368) (1975); 220–2.-6(368) (1975). Finally, the Committee is required to make specific findings of fact supported by conclusions of law. §§ 368.16, 368.17, The Code, 1975.[3]

If, as petitioners urge, the public hearing constituted a contested case, the district court was restricted from hearing additional evidence with respect to issues of fact. Section 17A.19(7) states, in a contested case, the court shall not itself hear additional evidence on issues of fact whose determination was entrusted to the agency.[4]

■ We have previously stated that rule 179 is applicable only when the court is "trying an issue of fact without a jury."[5] See *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 640 (Iowa 1978) (motion to reconsider inappropriate following a summary judgment proceeding). We adhere to this position and find the motion to reconsider filed by respondents inappropriately followed a legal rather than a factual court proceeding. However, we need not

rely on the petitioners' analysis to reach this conclusion.

■ In pretrial proceedings the parties agreed and the district court ordered that no additional evidence would be taken and the judicial review hearing would be restricted to legal arguments. There was, therefore, no "trying of an issue of fact" before the court. Consequently, under *City of Eldridge v. Caterpillar Tractor Co.*, there was no appropriate basis upon which to premise a rule 179(b) motion to reconsider.

We note the pretrial determination of the district court to proceed without submission of additional evidence comports with apparent prior practice. Section 368.22, which governed appeal of annexation proceedings prior to chapter 17A, provided that the "review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence."

Because respondent's motion for reconsideration was not a rule 179(b) motion, it did not toll the 30-day period for filing an appeal under rule 5(a), R.App.P. *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d at 641.

3. IAC sections have been renumbered and may be located as follows:
   IAC § 220.2.3(368) (1975) is now § 220–3.-15(368) (1978).
   IAC § 220–2.5(368) (1975) is now § 220–3.-20(368) (1978).
4. Section 17A.19(7) provides:
   In proceedings for judicial review of agency action a court may hear and consider such evidence as it deems appropriate. In proceedings for judicial review of agency action in a contested case, however, *a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by Constitution or statute to the agency in that contested case proceeding.* Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the

court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court and mail copies of the new findings or decisions to all parties. (Emphasis added.)

5. Rule 179, R.C.P., states:
   (a) The court *trying an issue without a jury,* whether by equitable or ordinary proceedings shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment. No request for findings is necessary for purposes of review. Findings of a master shall be deemed those of the court to the extent it adopts them. (Emphasis added.)
   (b) On motion joined with or filed within that time allowed for a motion for new trial the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by such motion or otherwise.

Although the September 1 judgment was appealable, the notices of appeal were filed more than thirty days after the entry of the judgment. Appellants have not complied with rule 5, R.App.P., and we have no jurisdiction of the appeal.

The appeal must be dismissed.

In summary we conclude:

1. Upon review of our single-justice order filed November 23, 1977, the order is withdrawn.

2. Our opinion filed December 20, 1978 is withdrawn and the present opinion substituted therefor.

3. The appeal is dismissed.

APPEAL DISMISSED.