W. C. NEUMEISTER, Alvin Kloft, C. H. Bregman and Marie Hedrick, for themselves and all others similarly situated, Appellants,

v.

CITY DEVELOPMENT BOARD, City Development Committee, Defendants,

and

City of Dubuque, Iowa, Appellee.

No. 63531.

Supreme Court of Iowa.

April 23, 1980.

J. Wilson McCallister of Cooney, McCallister & Zwack, Dubuque, for appellants.

R. N. Russo, Corp. Counsel, Dubuque, and Barry A. Lindahl, City Sol., for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McGIVERIN, and LARSON, JJ.

REYNOLDSON, Chief Justice.

This appeal is generated out of the same Dubuque annexation proceeding we described in *Budde v. City Development Board*, 276 N.W.2d 846 (Iowa 1979). Following Budde's success in district court, these plaintiffs, who were not parties in that action and who lived in different, noncontiguous territories sought to be annexed, brought this declaratory judgment action against the City Development Board, City Development Committee and City of Dubuque. In the first division of their petition they sought to show annexation of their areas invalid under the *Budde* district court decision; in the second division they sought the same relief, asserting (1) the annexation proceedings before the City Development Committee constituted an IAPA "contested case," therefore the city's representative, who was chairman of the Dubuque Planning and Zoning Committee, was disqualified and his appointment violated section 17A.17(3), The Code, and (2) the Board's failure to appoint a local representative from each territory to be annexed violated section 368.14, The Code 1975.

Pursuant to motion made by the Board and the Committee, trial court dismissed plaintiffs' action as to those defendants. There is no appeal from that ruling. Trial court later sustained Dubuque's motion for judgment on the pleadings, and plaintiffs appeal from this ruling.

Plaintiffs' brief stated the following propositions for reversal: (1) trial court

erred in rendering judgment on the pleadings when a factual controversy existed, (2) the annexation proceeding before the City Development Committee was an IAPA "contested case" and thus trial court erred in finding the city's representative qualified to sit on the Committee, and (3) trial court erred in rendering judgment in favor of defendant despite a finding that the Committee was improperly constituted in violation of section 368.14, The Code 1975. We do not reach these issues because we hold the district court lacked jurisdiction, and this appeal must be dismissed.

■ I. Plaintiffs' act of filing a delayed declaratory judgment action in district court requires us to examine the issue of district court's jurisdiction, and consequently, the jurisdiction of this court. *See Walles v. International Brotherhood of Electrical Workers,* 252 N.W.2d 701, 710 (Iowa), *cert. denied,* 434 U.S. 856, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977). If district court's ruling was without jurisdiction and void, there is no jurisdiction in this court and we must dismiss the appeal. *See Wederath v. Brant,* 287 N.W.2d 591 (Iowa 1980).

■ The approval of the annexation petition by the Committee was "agency action," as we clearly indicated in *Budde,* 276 N.W.2d at 850. Thus section 17A.19 of the IAPA was the exclusive means of review unless another statute provided otherwise, referring to chapter 17A by name. *See Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 428–29 (Iowa 1979); *Salsbury Laboratories v. Iowa DEQ,* 276 N.W.2d 830, 833–35 (Iowa 1979); *Kerr v. Iowa Public Service Co.,* 274 N.W.2d 283, 287–88 (Iowa 1979). Section 368.22, The Code 1975 (although later amended by 1978 Session, 67th G.A., ch. 1128, § 2), purporting to govern appeals in annexation matters, did not at that time mention chapter 17A.

■ Accordingly, the review provisions of section 17A.19 apply in this case. That the petition was labeled one for declaratory judgment and not review is not fatal if the instrument, its filing and other procedural steps, met section 17A.19 requirements. *See Iowa Industrial Commissioner v. Davis,* 286 N.W.2d 658, 661 (Iowa 1979); *Maquoketa Valley Community School District v. Maquoketa Valley Education Association,* 279 N.W.2d 510, 512 (Iowa 1979); *Salsbury Laboratories,* 276 N.W.2d at 835.

II. Under section 17A.19(3) the petition for judicial review of agency action must be filed within 30 days from the agency's final decision (or final decision on rehearing) in a "contested case." A petition for judicial review of other agency action "may be filed at any time petitioner is aggrieved or adversely affected by that action." *See Public Employment Relations Board v. Stohr,* 279 N.W.2d 286, 290 (Iowa 1979); *Kerr,* 274 N.W.2d at 288; *Iowa Public Service Co.v. Iowa State Commerce Commission,* 263 N.W.2d 766 (Iowa 1978). If this annexation proceeding was a contested case before the Committee, then the petition in district court was filed too late. We are not required to reach that question, however, because another jurisdictional issue is determinative.

Section 17A.19(2) relevantly provides:

Within ten days after the filing of a petition for judicial review file stamped copies of the petition *shall be mailed* by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. *Such mailing shall be jurisdictional* and shall be addressed to the parties at their last known mailing address.

(Emphasis supplied.)

■ In this appeal our initial examination of the record disclosed that the defendants were notified of the action brought in district court by personal service of original notice pursuant to our rules of civil procedure. By order, we raised the issue of the jurisdiction of the district court and of this court, and provided deadlines for the remaining parties to file supplemental briefs. Plaintiffs' responsive brief concedes file-stamped copies of the petition were not mailed to defendants pursuant to section

17A.19(2), but alleges a copy of the petition was attached to each original notice served. This, they argue, should supersede any necessity for mailed notice. We are not so persuaded.

In reviewing agency action a district court exercises only appellate jurisdiction. *Stohr*, 279 N.W.2d at 290. *Accord, Briggs v. Board of Education*, 282 N.W.2d 740, 743 (Iowa 1979); *Jackson County Public Hospital*, 280 N.W.2d at 429. The right to appeal is purely statutory and is controlled by section 17A.19. *Iowa Public Service Co.*, 263 N.W.2d at 768. In that opinion we held section 17A.19 prescribes conditions and sets procedures which are jurisdictional and with which the petitioner must comply before invoking relief from the district court for review. *Id.* at 769. *See Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570, 573 (N.D.1971). In *Jackson County Public Hospital*, 280 N.W.2d at 429, we observed that the section 17A.19 language was "clear" and "means what it says."

Although plaintiffs' rationale is not unreasonable, it ignores and renders meaningless the legislature's choice of words in section 17A.19(2). The legislature did not provide "such notice" or "such service" would be jurisdictional. Pointedly, the statute provides, "Such *mailing* shall be jurisdictional and shall be addressed to the parties at their last known mailing address. Proof of *mailing* shall be by affidavit." § 17A.19(2), The Code. (Emphasis supplied.)

Plaintiffs' interpretation reads into section 17A.19(2) language which the legislature has provided in other statutes but elected not to include here. *See* § 321.504, The Code ("In lieu of mailing said notification to the defendant . . ., plaintiff may cause said notification to be personally served . . ."); § 321.505, The Code ("proof of the mailing or personal delivery . . . shall be made by affidavit"). We have declined to read into a statute language which the legislature could have supplied had it so intended. *See Hamilton v. City of Urbandale*, 291 N.W.2d 15, 19 (Iowa 1980).

The case most comparable on its facts is *Record v. Iowa Merit Employment Department*, 285 N.W.2d 169 (Iowa 1979). There the petitioner, appealing to district court, did not mail a copy of the petition to Iowa Department of Job Service, a party in the proceeding before the Iowa Merit Employment Service. Noting the section 17A.19(2) requirement for mailing a file-stamped copy of the petition to "all parties of record" before the Merit Commission, we said,

> Section 17A.19(2) provides that its requirements are jurisdictional. The standards imposed by the legislature under the Iowa Administrative Procedure Act will be enforced by this court.

285 N.W.2d at 173. We affirmed the district court's ruling that it lacked jurisdiction to review the agency decision.

We reach the same conclusion here. Plaintiffs did not take the step the legislature required in order to vest the district court with jurisdiction to review the Committee's decision. Resultantly, we have no jurisdiction to consider this appeal. We therefore dismiss the appeal and remand to district court with directions to dismiss plaintiffs' petition.

APPEAL DISMISSED; REMANDED WITH DIRECTIONS.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting in part).

I dissent as to that part of division II which deals with the sufficiency of notice. The language of section 17A.19(2) that "such mailing shall be jurisdictional" should be interpreted to mean that the *fact* of notice is jurisdictional but the *manner* of service is not if the means used are as good as, or better than, mailing. Here, personal service of the copies was made and should be found to be sufficient compliance with the notice requirement.

It is reasonable to presume that "mailing" is provided for as the manner of service not to make it the exclusive means of service but, in the interest of simplicity and

economy, to make an exception to the general rule that provisions for notice, without specifying the manner of service, shall be by personal service. *See* 58 Am.Jur.2d *Notice* § 22, at 504 (1971). The language of our statute which makes personal service unnecessary should not be interpreted so as to make it insufficient.

The position of the majority that personal service of notice here was not sufficient compliance with the statute is particularly incongruous in view of the fact that we have taken judicial notice that mail service is inherently undependable, *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 473 (Iowa 1973), and in fact amounts to a "national disaster." *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324, 326 (Iowa 1973).

I would hold that this notice was sufficient to give jurisdiction to the district court and proceed to dispose of the other issues, including the remaining issue of jurisdiction under division II.