Mary S. DAWSON, Wilma Sue Bourne, Jane E. Jacobsen, Alice Jenkins, Nancy E. McDaniel, Kathryn Morgan, Vicky Onthank, Mary Thompson, and Jerry Vos, Appellants,

v.

IOWA MERIT EMPLOYMENT COMMISSION, Appellee.

No. 65445.

Supreme Court of Iowa.

March 18, 1981.

William H. Michelson, Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., and Thomas Mann, Jr., Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

McCORMICK, Justice.

The questions here concern jurisdiction over a petition for judicial review of agency action. The district court dismissed the petition on jurisdictional grounds because of petitioners' failure to mail a copy of the petition to respondent within ten days of its filing. Upon petitioners' appeal, we affirm.

Petitioners are nine special education teachers at the Woodward State Hospital-School. They were dissatisfied with adjustments made in their salaries and fringe benefits when their teaching year was extended from nine to twelve months. In previous grievance proceedings they had unsuccessfully challenged the extension of the teaching year. At their request, they

met informally with respondent in November 1979 to present their contention that they had effectively suffered a reduction in pay and benefits when their positions were reallocated. On December 14, 1979, respondent notified them by letter that the reallocation did not infringe applicable rules.

Petitioner Mary S. Dawson filed a petition in district court against respondent on January 11, 1980. She characterized it as an appeal from agency action. She asserted that the agency action was the "final decision" of respondent which was communicated in the December 14 letter. She did not mail a file-stamped copy of the petition to respondent. Instead she caused an original notice to be served on respondent on January 14.

Respondent entered a general appearance on February 4. An "Amended Petition For Judicial Review" was filed on March 3. The amended petition named the present petitioners. Although the allegations of the petition were enlarged and made more specific, the theory of the action remained the same.

On March 20 petitioners moved for default judgment based on respondent's failure to file a responsive pleading. Respondent resisted, and the motion for default was overruled on April 14.

On June 3 respondent filed a motion to dismiss, alleging petitioners failed to comply with the notice requirements of section 17A.19(2), The Code, in seeking judicial review of agency action. Petitioners' attorney filed an affidavit on June 5 in which he said he mailed a copy of the amended petition to respondent's director on that date. Petitioners also filed a resistance to the motion to dismiss.

In ruling on the motion, the district court recited the relevant sequence of events. The court noted the requirement of section 17A.19(2) that "[w]ithin ten days after the filing of a petition for judicial review file stamped copies of the petition shall be mailed by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case

before the agency." Relying on *Neumeister v. City Development Board*, 291 N.W.2d 11 (Iowa 1980), the court held petitioners' failure to comply with the statute deprived it of jurisdiction of the case. The motion to dismiss was sustained, and this appeal followed.

Seeking reversal, petitioners contend the jurisdiction of the district court was original rather than appellate, the court had jurisdiction of the case, and they should have been awarded default judgment.

I. *The nature of the case.* Petitioners challenge respondent's refusal to change the compensation schedule adopted for the extended teaching year. They presented their request in an informal meeting with respondent. Respondent's decision rejecting their request was communicated to petitioners in the December 14, 1979, letter.

In alleging their district court action was original, petitioners contend respondent waived the appellate review provisions of chapter 17A. They also contend the dispute was only an informal case before respondent and should be viewed as a certiorari action in district court. These contentions are without merit.

■ Petitioners' waiver argument rests on section 17A.10(2), which in relevant part authorizes an agency to waive any provision of chapter 17A "as to an entire class of [contested] cases." Assuming the agency proceeding was a contested case in the present situation, this provision does not authorize an agency to waive appellate procedures. Section 17A.10(2) does not purport to affect procedures governing judicial review.

In addition, the informal nature of the proceeding before the agency does not destroy the character of the resulting agency decision as agency action. A denial of relief is within the definition of agency action. *See* § 17A.2(9). Finally, the judicial review provisions of section 17A.19 have supplanted review of agency action by common-law writs such as certiorari. *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 834 (Iowa 1979).

**160**

The present action is subject to the judicial review requirements of section 17A.19.

II. *The jurisdictional issue.* Petitioners contend the district court erred in dismissing their petition on the authority of *Neumeister*. Section 17A.19(2) requires that within ten days of its filing, copies of the petition must be mailed to all parties named in it and, in a contested case, to all parties of record in that case before the agency. It also provides: "Such mailing shall be jurisdictional . . . ." In *Neumiester*, this court held that failure to mail copies of the petition as required is fatal to the jurisdiction of the district court to review the agency decision. 291 N.W.2d at 14. *See also Record v. Iowa Merit Employment Department*, 285 N.W.2d 169, 173 (Iowa 1979).

 Petitioners assert personal service is a more reliable means of giving notice. This assertion goes only to the wisdom of the legislation. The statute does not recognize personal service as an alternative. Because a copy of the petition was admittedly not mailed to respondent within ten days of its filing, the district court did not acquire jurisdiction of the case. Even if the March 3 amendment were considered a refiling, the mailing of a copy of the amended petition on June 5 was untimely.

Petitioners separately allege the mailing is necessary only for personal jurisdiction. Because respondent appeared in district court, petitioners argue any jurisdictional defect was waived. Under *Neumeister*, however, the mailing requirement is one of the mandatory procedures which must be followed before the district court has jurisdiction of the case. 291 N.W.2d at 14. Even though the district court has jurisdiction of the subject matter of such cases, it did not acquire appellate jurisdiction of this case. *See also Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283, 287 (Iowa 1979). Failure to comply with the statute deprives the court of jurisdiction of the case, not merely of the parties.

The district court did not err in sustaining the motion to dismiss.

III. *The motion for default.* Because the court lacked jurisdiction of the petition for judicial review, the question whether the court erred in overruling petitioners' motion for default judgment is moot.

In affirming the district court, we do not intimate any view concerning whether petitioners may still file a timely petition for judicial review under the holding in *Oliver v. Teleprompter Corp.*, 299 N.W.2d 683 (Iowa 1980).

AFFIRMED.