Margaret A. CUNNINGHAM, Appellant,

v.

## IOWA DEPARTMENT OF JOB SERVICE, Appellee.

### No. 66314.

Supreme Court of Iowa.

May 19, 1982.

Rehearing Denied June 17, 1982.

Garrick A. Byers, Sioux City, for appellant.

Walter F. Maley, Blair H. Dewey and Joseph L. Bervid, Des Moines, for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

The district court, sitting in judicial review of an administrative proceeding, determined that authority of the agency to determine the controversy was lost at the administrative level by reason of a failure to give a statutory notice. The petitioner concedes the failure but argues there was substantial compliance and contends the agency should be estopped to deny its authority. We affirm the district court.

Because her wages and hours were substantially reduced the petitioner terminated her employment with Wilson Trailer Company and sought unemployment benefits by filing a claim with the Iowa department of job service. A claims deputy granted the claim in the belief her termination " . . . was for cause attributable to the employer." This decision was reversed by a hearing officer who found the petitioner had voluntarily quit. On appeal to job service the hearing officer's decision was affirmed.

Petitioner then filed a petition for rehearing under section 17A.16, The Code 1979. The notice failure occurred at this point. Under section 17A.16 any party may file for rehearing before the administrative tribunal within twenty days of the issuance of a final decision. The statute specifically requires "[a] copy of such application shall be timely mailed by the applicant to all parties of record not joining therein." This requirement was not fulfilled.

Petitioner has a plausible explanation for the failure. Literature provided her by the department advised she need not employ anyone to help in securing her rights or to collect benefits. In addition a card was mailed by the agency which read in part: "It is not necessary to employ anyone to help you collect benefits. The job insurance representative will advise you and assist you in preparing your claim." The petitioner says she was also orally advised to the same effect by the agency representative at the close of the interview on her claim. At the close of the interview the representative distributed copies of his notes and the employer's written submission. According to her affidavit petitioner then asked the representative whether she was obligated to send any future writings to her former employer. The representative is said to have replied, "No, any correspondence to the employer will be handled by job service."

The department contends its advice was not as misleading as petitioner suggests. The notice and advice was intended only for the administrative proceeding at the hearing stage. The department points especially to the job service appeal board decision which notified the parties that the decision would become final in ten days unless an application for rehearing under section 17A.16(2) was filed within twenty days. The notice specifically provided: "A copy of the rehearing application shall be promptly mailed by the party initiating the application to all other parties involved."

In any event the petitioner did not mail the application for rehearing to her former employer. Petitioner's application for re-

consideration was denied by the department on its merits. This petition for judicial review followed.

The department entered a special appearance contending the district court lacked jurisdiction because of petitioner's failure to mail her employer a copy of the agency's rehearing petition. The petitioner has brought this appeal from a trial court ruling sustaining that special appearance.

I. Although the petitioner contends otherwise this challenge to jurisdiction could be raised at any stage in the proceedings. *Matter of Estate of Dull*, 303 N.W.2d 402, 406 (Iowa 1981). A special appearance is most appropriate for that purpose. Iowa R.Civ.P. 66.

II. Section 17A.16(2) plainly requires the mailing of a copy of the application for rehearing to all other parties in the administrative proceeding. Petitioner's employer, a party, was entitled to and did not receive the copy. Our cases interpreting section 17A.19 (judicial review) leave no doubt that the mailing requirements are mandatory and jurisdictional. *Neumeister v. City Development Bd.*, 291 N.W.2d 11, 14 (Iowa 1980); *Record v. Iowa Merit Employment Dept.*, 285 N.W.2d 169, 173 (Iowa 1979). In seeking a different interpretation of the notice requirements under section 17A.16(2) the petitioner points out that section 17A.19(2) expressly provides "[s]uch mailings shall be jurisdictional ...." No such phrase occurs in the rehearing section. The distinction between the sections however does not rescue the petitioner.

Under section 17A.19(2) the mailings are mandatory and jurisdictional; under 17A.16(2) the requirements, though not jurisdictional, are nevertheless mandatory. Opinions on the subject often blur the distinction between requirements that are mandatory and requirements that are mandatory and jurisdictional. In both situations the requirements are usually, though perhaps inaccurately, called "jurisdictional." Though it does not help this petitioner the distinction between mandatory and jurisdictional requirements is apt to be significant.

*See* 73 C.J.S. Public Administrative Bodies and Procedure § 195, at 542 (1951). The effect of noncompliance with a mandatory requirement similar to the one here was explained in *Maquoketa Valley, etc. v. Maquoketa Valley Ed.*, 279 N.W.2d 510, 514–15 (Iowa 1979). The effect of noncompliance with a requirement that is mandatory and jurisdictional was explained in *Dawson v. Iowa Merit Employment Com'n*, 303 N.W.2d 158, 160 (Iowa 1981). Under these authorities we have no quarrel with petitioner's contention that the requirements in the two sections can be distinguished. Petitioner failed in a mandatory requirement, not in a requirement that was mandatory and jurisdictional.

Accordingly the petitioner's claim of estoppel is not answered by the rule that *jurisdiction* cannot be established by consent, waiver, or estoppel. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978). That rule proceeds on the premise that jurisdiction does not attach, nor is it lost, on equitable principles. It is purely a matter of statute.

Petitioner's estoppel contention must fail on a different basis. She charges one party with excusing her failure in a duty owed to a different party. The notice not given was required in favor of her former employer. The employer, a necessary party to the proceeding, had an independent stake in the outcome. The notice to which the employer was entitled could not be waived by the department. There is no privity between the employer and the department that would support petitioner's claim of estoppel. *Matter of Estate of Herm*, 284 N.W.2d 191, 196 (Iowa 1979).

The trial court was correct in determining that, because of the petitioner's failure to comply with the mandatory notice requirements, petitioner's right to have a rehearing before the department was lost.

AFFIRMED.

All Justices concur, except LARSON, J., who dissents.

LARSON, Justice (dissenting).

Regardless of whether the majority characterizes the mailing requirement in section

17A.16(2), The Code 1979, as jurisdictional or as mandatory, the result it reaches is the same: termination of the proceedings. The majority discerns a legislative intent to foreclose further proceedings automatically where a party applies for an agency rehearing but fails to mail a copy of the application to a party of record. This result is not consistent with a reasonable interpretation of the Administrative Procedures Act, ch. 17A. Moreover, it is manifestly unfair to reach that result in this case, where there is considerable evidence a Job Service representative misled the plaintiff on the procedure for rehearing, and where no prejudice could be shown because the rehearing application was denied without the employer's resistance.

The Administrative Procedure Act is remedial, Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act*, 63 Iowa L.Rev. 285, 363 (1977), and thus should be accorded a broad construction to effectuate its purposes, § 17A.23; *see also* § 4.2, The Code 1981. One of its purposes was to simplify, and to some extent, informalize administrative proceedings and procedure. *See generally* § 17A.1. A second purpose, implied throughout the Act, was to provide a procedure whereby the preferred disposition of contested cases is on their merits. *See generally* Bonfield, *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, the Rulemaking Process*, 60 Iowa L.Rev. 731, 736–37 (1975). In view of these objectives I do not believe the legislature intended the consequences which the majority attaches to the plaintiff's failure to comply with the mailing requirement of section 17A.16(2).[1]

More important, the legislature has not hesitated to supply sanctions for an agency's or a party's noncompliance with its provisions throughout the Act. *E.g.*, §§ 17A.3(2) ("until it has been made available for public inspection and indexed" any agency action is invalid or ineffective); 17A.4(3) ("unless adopted in substantial compliance" with the Act's requirements, any rule adopted by an agency after July 1, 1975 is invalid); 17A.12(3) (upon a party's failure to appear in a contested case proceeding, a presiding officer may proceed and "make a decision in the absence of the party"); 17A.15(2) (if the presiding officer does not prepare the findings of fact in a contested case and the demeanor of witnesses "is a substantial factor," the portions of the hearing involving demeanor "shall be heard again or the case shall be dismissed"); 17A.19(6) (for purposes of judicial review, a party "unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs"). Indeed, this was the approach taken with regard to section 17A.16(2)'s counterpart, section 17A.19(2), which provides that the mailing of a file-stamped copy of a petition for judicial review to all parties of record is "jurisdictional."[2] We have held that in view of such language, failure to substantially comply with the mailing requirement in section 17A.19(2) terminates the proceedings. *E.g.*, *Neumeister v. City Development Board*, 291 N.W.2d 11, 14 (Iowa 1980).

This case is clearly distinguishable from the *Neumeister* line of cases on the basis of the statutes involved: while section 17A.19(2) (at that time) expressly provided mailing was jurisdictional, section 17A.16(2) does not even imply it. We should not supply, judicially, as onerous a sanction as dismissal for procedural defects without

---

1. We have held that an application for administrative rehearing is not a prerequisite to judicial review. *Kehde v. Iowa Department of Job Service*, 318 N.W.2d 202, 205 (Iowa 1982). If that is so, we should not hold mere ineptness in pursuing that remedy is fatal, at least in the absence of prejudice.

2. Section 17A.19(2) provided, prior to its recent amendment, that

[w]ithin ten days after the filing of a petition for judicial review file stamped copies of the petition *shall be mailed* by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. *Such mailing shall be jurisdictional* and shall be addressed to the parties at their last known mailing address. (Emphasis added.)

legislative direction and without any showing of prejudice. *See* Sutherland, *Statutes and Statutory Construction* § 57.08, at 423–24 (1974) ("the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a result is merely directory").[3]

I would hold that the mailing requirement in section 17A.16(2) is only directory, and that because the plaintiff's employer was not prejudiced by her failure to mail notice to it, the proceeding should not have been dismissed. I would remand the case for further proceedings.

---

**3.** *Taylor v. Department of Transportation*, 260 N.W.2d 521, 522–23 (Iowa 1977) sets forth the distinction between mandatory and directory statutory duties:

> If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.