STATE of Iowa ex rel. Dan L. JOHNSTON, Polk County Attorney, Appellant,

v.

IOWA DEPARTMENT OF SOCIAL SERVICES; Michael Reagen, Commissioner of the Iowa Department of Social Services; the Iowa Department of Social Services, Division of Adult Corrections; and Harold A. Farrier, Director of the Iowa Department of Social Services, Division of Adult Corrections, Appellees.

No. 67609.

Supreme Court of Iowa.

Jan. 19, 1983.

Thomas M. Werner, Asst. Polk County Atty., for appellant.

Thomas J. Miller, Atty. Gen., and John G. Black, Sp. Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

CARTER, Justice.

The petitioner in a proceeding for judicial review of administrative agency action appeals from district court's dismissal of the action. The agency action which is challenged relates to the granting of honor time in reduction of a prison sentence imposed on a criminal defendant. The substantive issues on appeal from the final order of the district court concern petitioner's challenge to (1) the district court's conclusion that petitioner lacked standing to seek judicial review of the agency action and (2) the district court's alternative conclusion that in any event, the petition for judicial review was untimely.

Following the submission of the appeal, we directed the parties to file written statements relating to a jurisdictional issue not argued in the briefs of either party. The record reflects that the order of the district court dismissing appellant's petition for judicial review was entered on August 4, 1981, and that notice of appeal was not filed until October 8, 1981. It appears that this notice of appeal is not timely unless a mo-

tion to reconsider filed by appellant on August 14, 1981, is considered to be "a motion as provided in R.C.P. 179(b)," for purposes of extending the time of taking appeal under Iowa Rule of Appellate Procedure 5(a).

In considering whether a particular motion should be viewed as one authorized by rule 179(b), we have held that except where otherwise authorized by rule or statute, such action may only be addressed to determinations made in trials involving issues of fact without a jury. *Kunau v. Miller,* 328 N.W.2d 529, 530 (Iowa 1983); *City of Eldridge v. Caterpillar Tractor Co.,* 270 N.W.2d 637, 640 (Iowa 1978). In *Budde v. City Development Board,* 276 N.W.2d 846, 851 (Iowa 1979), we held that where the district court makes no determination of factual issues in reviewing administrative agency action, there is no basis for filing a rule 179(b) motion so as to toll the 30-day appeal period under rule 5(a).

A rule amendment effective July 1, 1980, extended the applicability of rule 179(b) to district court orders involving judicial review of agency actions in *contested* cases. *See Kunau* at 530; Iowa R.Civ.P. 333(c). In petitioner's argument on the merits of this appeal, it concedes "that agency action [for which judicial review was sought in the district court] was not a result of a contested case proceeding as defined by [Iowa Code section 17A.2(2)]." Brief of Appellant at 25. Because Iowa Rule of Civil Procedure 333(c) does not apply to judicial review of agency action other than in a contested case, the rule laid down in *Budde* is in no way abrogated with respect to the present appeal. The trial court determined the issues before it on a special appearance raising issues of law and made no factual findings. Based on this circumstance, *Budde* renders petitioner's post-decisional motion of no force or effect for purposes of tolling the time requirements of rule 5(a). Dismissal of the appeal is therefore mandatory. *Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 471 (Iowa 1978).

APPEAL DISMISSED.