# IN THE COURT OF APPEALS OF IOWA

No. 18-0047
Filed November 21, 2018

**ISAAC ORTIZ,**
        Petitioner-Appellant,

**vs.**

**LOYD ROLING CONSTRUCTION and GRINNELL MUTUAL REINSURANCE,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        Isaac Ortiz appeals the district court's dismissal of his petition for judicial review of a determination of the workers' compensation commissioner. **AFFIRMED.**


        Anthony J. Bribriesco and Andrew W. Bribriesco of Bribriesco Law Firm, Bettendorf, for appellant.

        Stephen W. Spencer and Christopher S. Spencer of Peddicord Wharton, LLP, West Des Moines, for appellees.


        Considered by Tabor, P.J., Mullins, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Isaac Ortiz appeals the district court's dismissal of his petition for judicial review of a determination of the workers' compensation commissioner, contending the district court erred in concluding he failed to substantially comply with the service requirements of Iowa Code section 17A.19(2) (2017).

## I.      Background Facts and Proceedings

On September 19, 2017, Ortiz filed a petition for judicial review in the Iowa Electronic Document Management System (EDMS).  Respondents' counsel of record in the underlying administrative proceedings was "added . . . to the case as a party to the litigation" in EDMS.  The same day, Ortiz's counsel's paralegal emailed a copy of the petition for judicial review to respondents' counsel.  On September 20, Ortiz's counsel filed an "affidavit of service," noting he emailed a copy of the petition to respondents' counsel.  The same day, Ortiz's counsel's paralegal "emailed a copy of the Notice of Filing Petition for Judicial Review and Request for Transmittal of Record, with a copy of the file-stamped Petition for Judicial Review" to respondents' counsel.

On September 28, an attorney for the respondents emailed Ortiz's counsel the following:

> I have been given the documents that were recently filed with the Polk County District Court on . . . Ortiz.  I was wondering if you were going to be sending the Petition to us via regular mail?  Please let me know as soon as you can.

The next day, September 29, counsel for Ortiz responded that he would have his paralegal send a copy of the petition via regular mail.  The petition was not placed in the mail until October 3.

On October 9, respondents filed a motion to dismiss the petition, arguing Ortiz failed to substantially comply with the service requirements of section 17A.19(2) and the district court therefore lacked jurisdiction. Ortiz resisted. Following a hearing, the district court granted respondents' motion to dismiss, concluding Ortiz failed to substantially comply with the service requirements of section 17A.19(2) and it therefore lacked jurisdiction on judicial review. As noted, Ortiz appeals.

## II.     Standard of Review

"We review the district court's dismissal of a petition for judicial review for correction of errors at law." *Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009). To the extent we are required to engage in statutory interpretation, our review is also for correction of errors at law. *DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 289 (Iowa 2017). "The sole question is whether the district court correctly applied the law." *Remer v. Bd. of Med. Exam'rs*, 576 N.W.2d 598, 600 (Iowa 1998).

## III.     Analysis

Ortiz argues the district court erred in concluding he failed to substantially comply with the Iowa Administrative Procedure Act's service requirements for judicial review proceedings. Iowa Code section 17A.19(2) provides, in relevant part, the following:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal

> service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency. A mailing shall be addressed to the parties or their attorney of record at their last known mailing address. Proof of mailing shall be by affidavit.

The statute allows for two avenues for service in a judicial review proceeding following a contested agency case: (1) service by the means provided in the Iowa rules of civil procedure for the personal service of an original notice[1] and (2) service by mailing of copies of the petition to all parties named in the petition and all parties of record in the case before the agency. Iowa Code § 17A.19(2). Service under either alternative may be made upon a party's attorney of record in the underlying agency proceedings. *Id.* The statute requires that service be completed within ten days of the filing of the petition for judicial review. *Id.* "[S]ubstantial—not literal— compliance with section 17A.19(2) is all that is necessary to invoke the jurisdiction of the district court." *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988).

It is generally undisputed that Ortiz's attempt at service does not comply with the delivery-by-personal-service alternative. We therefore only consider whether Ortiz was in substantial compliance with the delivery-by-mailing alternative. Ortiz maintains he substantially complied with the statute because respondents' counsel of record in the administrative proceedings received a file-stamped copy of the petition through email and EDMS within the ten-day period.

---

[1] *See* Iowa Rs. Civ. P. 1.302(3)–(5), .305.

Other cases in which Iowa courts have found substantial compliance have involved situations in which the petitioner has made some attempt to comply with the personal service or mailing delivery requirements of section 17A.19(2) before the ten-day period expired. *See, e.g.*, *Monson v. Iowa Civil Rights Comm'n*, 467 N.W.2d 230, 232 (Iowa 1991) (finding substantial compliance where tardy personal service was a result of a mistake by the sheriff's office and not attributable to petitioner); *Brown*, 423 N.W.2d at 193–94 (finding substantial compliance even though service of petition by mailing was made *before* rather than *after* filing of petition); *Richards v. Iowa Dep't of Revenue*, 362 N.W.2d 486, 487–89 (Iowa 1985) (finding compliance with delivery-by-personal-service alternative where petitioner timely, but personally, served opposing party contrary to prohibition of such service under now Iowa Rule of Civil Procedure 1.302(4)); *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982) (finding substantial compliance with service-by-mailing alternative where the agency received timely mailed notice but the petition contained a mistaken designation of the agency); *Cowell v. All-American, Inc.*, 308 N.W.2d 92, 94–95 (Iowa 1981) (finding substantial compliance under prior version of section 17A.19(2) where petitioner timely mailed copy of petition to a party's attorney despite statute requiring the mailing "shall be addressed to the parties at their last known mailing address"); *Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 654 (Iowa 1980) (finding compliance with section 17A.19 where a party of record before the agency was properly served but was not named as a party in the caption of the petition); *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980) (finding compliance with section 17A.19(2)

where petitioner satisfied the mailing requirement but misnamed the agency in her petition).

The statutory service alternative relevant in this case requires the petitioner to "mail" copies of the petition to the relevant parties within ten days of the filing of the petition. Ortiz asks us to conclude that delivery through email or EDMS substantially complies with the mailing requirement. This would require us to read into the statute language that the legislature could supply if it so desires, a measure the supreme court has previously declined to partake in as to section 17A.19(2). *See Dawson v. Iowa Merit Emp't Comm'n*, 303 N.W.2d 158, 160 (Iowa 1981); *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 14 (Iowa 1980); *see also Record v. Iowa Merit Emp't Dep't*, 285 N.W.2d 169, 172–73 (Iowa 1979). If the legislature desires to add additional means of service that would provide the district court with jurisdiction once accomplished, it certainly knows how to. *See* 1981 Iowa Acts ch. 24, § 1 (expanding the means available to petitioners to accomplish service under section 17A.19(2) to bestow jurisdiction upon the district court).

Here, Ortiz made no attempt to comply with the service requirements of section 17A.19(2) before the ten-day period expired. While acknowledging that substantial, as opposed to literal, compliance with the statute is all that is required to provide the district court with jurisdiction, we decline to expand the means of service beyond those expressed by the legislature. We agree with the district court's conclusion that Ortiz failed to substantially comply with the service requirements of section 17A.19(2) and it therefore lacked jurisdiction on judicial review. We therefore affirm.

**AFFIRMED.**