**Wayne OLIVER, Appellant,**

v.

**TELEPROMPTER CORPORATION, d/b/a Teleprompter of Dubuque, and Iowa Civil Rights Commission, Appellees.**

**No. 64233.**

Supreme Court of Iowa.

Dec. 17, 1980.

Stephen J. Juergens and Douglas M. Henry, of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellant.

Leo A. McCarthy and Randal J. Nigg, of Reynolds, Kenline, Breitbach, McCarthy, Clemens, McKay & Naughton, Dubuque, for appellee Teleprompter.

Thomas J. Miller, Atty. Gen., and Scott H. Nichols, Asst. Atty. Gen., for appellee Civil Rights Commission.

Considered by LeGRAND, P. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

In this appeal we must decide whether the General Assembly has prescribed a thirty–day time limit for judicial review of a finding of no probable cause or jurisdiction by the Iowa Civil Rights Commission. More specifically, we must construe the last sentence of section 17A.19(3), The Code 1979: "In cases involving a petition for judicial review of agency action other than the decision in a contested case, the petition may be filed at any time petitioner is aggrieved or adversely affected by that action."

A civil rights complaint by Wayne Oliver against Teleprompter of Dubuque was pending before the Iowa Civil Rights Commission. Oliver was represented by counsel who had corresponded with the commission. Oliver claimed that because of age and sex discrimination he was demoted in his job and then discharged, and that he should be reinstated in his job with back pay.

On January 30, 1979, the commission found no probable cause and lack of jurisdiction. On the same date, the commission sent its findings to Oliver by certified mail. Oliver's attorney learned of the finding on July 12, 1979.

On August 14, 1979, Oliver's attorney filed a petition in district court for judicial review and on the same date mailed copies of the petition to Teleprompter and the commission.

On September 12, 1979, Teleprompter filed a special appearance in that case on the ground that Oliver had to petition for judicial review within thirty days of the commission's decision on January 30, 1979, and did not do so. The district court sustained the special appearance on the ground that the proceeding before the agency was a request for a declaratory ruling, triggering a thirty–day limitation for judicial review. *See* § 17A.9, Iowa Administrative Procedure Act (IAPA). On Oliver's motion to reconsider, the district court adhered to its sustention on the ground that although a request for a declaratory ruling by the commission was not involved, (1) the proceeding involved a petitioner who was aggrieved or adversely affected by commission action, (2) the grievance of the petitioner occurred when the commission made its findings on January 30, 1979, (3) "it must be necessarily implied that a 30 day limitation runs from that time even within the meaning of the last sentence of Sec. 17A.19.3," and (4) more than thirty days elapsed between the commission's finding and Oliver's petition for judicial review. Oliver appealed to this court.

I. Since the parties apparently agree that Oliver did not seek a declaratory ruling by the commission, we need not examine the section relating to judicial review in those cases.

Several sections of the IAPA and the Iowa Civil Rights Act of 1965 (ICRA) must

be considered. The first sentence of section 17A.19(1) of the IAPA authorizes judicial review:

A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter.

Section 17A.19(3) provides the applicable time periods for judicial review:

If a party does not file an application under section 17A.16, subsection 2, for rehearing, the petition [for judicial review] must be filed within thirty days after the issuance of the agency's final decision in that contested case.... In cases involving a petition for judicial review of agency action other than the decision in a contested case, the petition may be filed at any time petitioner is aggrieved or adversely affected by that action.

Section 17A.16(2) provides for rehearings within an agency; no agency rehearing is involved here and we need not consider those provisions or the time limits in section 17A.19(3) relating to them.

▉▉ The first sentence of the portion of section 17A.19(3) we have quoted speaks of a "final decision" in a "contested case." We construe the IAPA and the ICRA together to ascertain legislative intent. *Wonder Life Co. v. Liddy*, 207 N.W.2d 27, 32–33 (Iowa 1973). A finding of no probable cause is a "final decision" by virtue of section 601A.15(3)(c) of the ICRA: "If the hearing officer finds that no probable cause exists, the hearing officer shall issue a *final order* dismissing the complaint and shall promptly mail a copy to the complainant ...." (Emphasis added.) *See also* 240 I.A.C. § 1.116(a). But this proceeding does not come within the IAPA definition of a "contested case": "*Contested case* means a proceeding including but not restricted to ratemaking, price–fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." § 17A.2(2). Neither the Constitution nor the statutes require the opportunity for an evidentiary hearing for a probable cause determination. *Estabrook v. Iowa Civil Rights Commission*, 283 N.W.2d 306, 308, 311 (Iowa 1979). Hence the first sentence of section 17A.19(3) is inapplicable. The case comes under the second quoted sentence relating to "judicial review of agency action other than the decision in a contested case ...."

II. The problem then is this: under that second sentence, what is the time limit, if any, for filing a petition for judicial review? The sentence states that the petition may be filed "at any time petitioner is aggrieved or adversely affected by that [agency] action." In a no probable cause case like this one, the complainant may thus file "at any time" he is "aggrieved or adversely affected" by the agency action. When was Oliver aggrieved or adversely affected? He asserts that he was illegally demoted and then discharged and that he should be reinstated in his employment with back pay. We appear to have an alleged case of ongoing loss of employment and wages.

On January 30, 1979, the commission found no probable cause or jurisdiction and mailed its findings to Oliver. The commission contends that Oliver was aggrieved or adversely affected by its action on that date.

▉▉ We may assume that Oliver was aggrieved or adversely affected on the day of the commission findings, January 30, 1979. We do not believe, however, that the General Assembly intended he had to file his petition for judicial review on the day of the findings or even on the day he received a copy of the findings in the mail. Such a reading of the statute might involve constitutional repercussions. *See Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 472–73 (Iowa 1973).

The district court took a second step. It held that Oliver was aggrieved or adversely affected on January 30, 1979, and this triggered the running of a thirty–day limitation, which the court implied from the first and second sentences together.

[redacted] We have difficulty with the implication of a thirty-day period of limitation. The first sentence of section 17A.19(3) is inapplicable; it deals with another class of cases. We have examined the second sentence of the subsection and find no language in it which raises such an implication. On the contrary, legislative use of the words "at any time" negates a time period of any particular number of days. We cannot legislate a thirty-day period into the second sentence. *State v. Wedelstedt*, 213 N.W.2d 652, 656 (Iowa 1973) ("No court under the guise of construction may extend, enlarge, or otherwise change the terms and meaning of a statute.").

The commission argues that the following language which we have italicized in section 601A.17(1) of the ICRA implies a thirty-day time period under the second sentence we quoted from section 17A.19(3):

> For purposes of *the time limit* for filing a petition for judicial review under the Iowa administrative procedure Act, specified by section 17A.19, the issuance of a *final decision* of the commission under this chapter occurs on the date notice of the decision is mailed by certified mail, to the parties.

The commission's argument appears to beg the question. We may assume that the complainant may file his petition for judicial review the date the commission mails its findings by certified mail. But the question is, what is the *time limit*, if any, for filing the petition, *after* the commission mails its findings? Section 601A.17(1) does not purport to give a time limit. Instead, it refers us back to section 17A.19 of the IAPA. That section provides, in cases like this one, for filing the petition "at any time petitioner is aggrieved or adversely affected ...." *That* is the time limit. We must ascertain what that time was in *Oliver's* case.

[redacted] We do not now depart from present facts to consider troublesome situations which may arise, as where the effects of alleged discrimination were complete at a specific time or where the effects were ongoing but the petition for judicial review was filed a very lengthy period after the alleged discrimination occurred. We will deal with those problems under section 17A.19(3) when they arise, but we invite the attention of the General Assembly to situations of that nature. Confining ourselves to the facts of this case, we have a claim that the employee was wrongfully discharged and that he should be reinstated in his employment and granted his back pay. This appears to be a claim of ongoing effects of the alleged discrimination. The commission refused to take cognizance of Oliver's claim for relief. In view of the strong language the General Assembly selected for section 17A.19(3)–"at any time petitioner is aggrieved or adversely affected" by the agency action–we hold the Assembly intended that a case such as this could still be timely filed when it was filed on August 14, 1979. We do not try to shorten periods of limitation by construction. *Sprung v. Rasmussen*, 180 N.W.2d 430, 433 (Iowa 1970).

REVERSED.