**IOWA CIVIL RIGHTS COMMISSION, Appellant,**

v.

**DEERE & COMPANY, Appellee.**

No. 91–387.

Supreme Court of Iowa.

March 18, 1992.

Bonnie J. Campbell, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellant.

John R. Phillips and Greg A. Naylor of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, Des Moines, for appellee.

Russell L. Samson of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for amicus curiae Iowa Ass'n of Business and Industry.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

This case involves the decision of the Iowa Civil Rights Commission (commission) to sua sponte reopen an investigation into alleged age discrimination at John Deere (Deere) in Waterloo, Iowa. The investigation was reopened more than three years after the commission had issued a no-probable-cause order involving the same persons and complaints. After reopening the investigation, the commission issued a subpoena duces tecum. When Deere refused to abide by the subpoena, the commission filed an action in the district court to have the subpoena enforced. The district court determined that the commission did not have the underlying authority to reopen the investigation at the time it did, and therefore denied the petition to enforce the subpoena. We agree and affirm the decision of the district court.

I. *Background Facts and Procedure.*

In 1984, Deere substantially reduced its work force; many employees lost their jobs. As a result, various discrimination complaints were brought against Deere. Seven people between the ages of thirty and thirty-nine, who are the underlying subjects of this appeal, filed complaints of age discrimination. These complaints were thoroughly and independently investigated by the Waterloo Human Rights Commission (WHRC) and then by the commission. Both the WHRC and the commission found no probable cause for the complaints because the employee reduction was prompted by valid economic factors. The commission issued an order to this effect, dismissing the complaints on April 14, 1986.

Other complainants, however, all of whom were over forty, commenced a class action lawsuit under the Age Discrimination in Employment Act. *See* 29 U.S.C. § 623. With the aid of the Equal Employment Opportunity Commission (EEOC) the case was settled. Apparently, the commission was somehow able to review the EEOC file. In July 1989, based on information it garnered from the file, the commission sua sponte, and without notice to Deere, reopened the investigation into the previously dismissed complaints of the seven former under-age-forty employees. By letter to the commission, Deere objected to the sua sponte reopening of the complaints. The commission continued to move forward with its reopened investigation.

A subpoena duces tecum was directed to Deere by the commission. Deere, once again by letter, informed the commission that it would not comply with any subpoe-

na because of its position that the commission did not have the authority to reopen the complaints. In March 1990, Deere formally made a motion to have the commission quash its administrative subpoena and discontinue the underlying investigation. The commission, by its executive director, denied Deere's motion.

The commission then sought enforcement of the subpoena in the district court for Black Hawk County. Deere filed a resistance. On a joint motion by the parties, the case was transferred to the district court for Polk County. After a hearing, the district court, in a well-reasoned opinion, denied the petition to enforce the subpoena, concluding that the commission did not have the underlying authority to reopen its investigation.

## II. *Scope of Review.*

In this appeal, we are not reviewing a contested case decision. The decision by the commission to reopen the investigation was agency action. Iowa Code § 17A.2(9) (1989); *See also Estabrook v. Iowa Civil Rights Comm'n,* 283 N.W.2d 306, 308–11 (Iowa 1979). In reopening the investigation, the commission interpreted and applied one of its own administrative rules. "This court has ordinarily given a 'reasonable range of informed discretion' to an administrative agency in interpreting its own administrative rules. The decision of the agency should be given controlling weight unless it is inconsistent with those rules, or is plainly erroneous." *Miller v. Civil Constructors,* 373 N.W.2d 115, 117 (Iowa 1985) (citations omitted). We also believe that the scope of review given to an agency in creating rules is equally applicable to the scope of review given to an agency in interpreting those rules. Thus, an interpretation is not enforceable if its effect is beyond the scope of any delegated authority. *Sommers v. Iowa Civil Rights Comm'n,* 337 N.W.2d 470, 475 (Iowa 1983) (citation omitted). The interpretation would be beyond the scope of the delegated authority if it is at variance with the enabling act or if it amends or nullifies legislative intent. *Id.*

## III. *Conflicts Between Statutory and Administrative Rules Provisions.*

161 Iowa Administrative Code section 3.15(1) provides in pertinent part: "The commission may, whenever justice requires, reopen any *matter previously closed* by it, upon notice of the reopening being given to all parties." (Emphasis added). The commission asserts this section gives it the authority to reopen a previously closed investigation whenever justice requires. This assertion, however, appears to conflict with a statutory provision legislating specific time periods for seeking review of a no-probable-cause order. *See* Iowa Code § 601A.17(1).

Iowa Code section 601A.5(10) empowers the commission to "adopt, publish, amend, and rescind, regulations *consistent with* and necessary for the enforcement" of the Iowa Civil Rights Act of 1965. The act is to "be construed broadly to effectuate its purposes." Iowa Code § 601A.18.

In determining whether the commission's interpretation of its rules contravenes the enabling legislation, two strong policy issues are brought into play. First, there is an important public interest in eliminating employment discrimination as is evidenced by chapter 601A and its stated rule of construction. *See, e.g., Franklin Mfg. v. Iowa Civil Rights Comm'n,* 270 N.W.2d 829, 832 (Iowa 1978).

The second public interest that has been expressed by the legislature is that of expedited administrative procedure and finality. This policy is evident throughout chapter 601A. Complaints must be filed within a short time frame, 180 days of an alleged violation. Iowa Code § 601A.15(12). A member of the commission staff must make a *prompt* investigation. Iowa Code § 601A.15(3)(a). After the staff member makes a recommendation, the administrative law judge is to *promptly* determine if probable cause exists. Iowa Code § 601A.15(3)(c). If an administrative law judge determines that no probable cause exists, a final order must be *promptly* issued dismissing the complaint. *Id.* Judicial review of an agency no-probable-cause

determination must be sought within thirty days of the issuance of the final agency action. Iowa Code § 601A.17(1). Finally, the commission's rules must expedite and effectuate statutory procedures. Iowa Code § 601A.15(11).

The question thus becomes: Does the commission's rule interpretation contravene the time restraints established for judicial review of a no-probable-cause determination?

Iowa Code section 601A.17(1) provides: "Notwithstanding the time limit provided in section 17A.16, subsection 3, a petition for judicial review of no-probable-cause decisions and other final agency actions which are not of general applicability must be filed within thirty days of the final agency action."

This statutory provision was enacted in direct response to our decision in *Oliver v. Teleprompter Corp.*, 299 N.W.2d 683 (Iowa 1980). Prior to the 1983 amendment, there was no time-limit restriction for seeking judicial review of a no-probable-cause determination in chapter 601A. In *Oliver*, we held that, since no-probable-cause orders were not the result of contested case proceedings, the time period for seeking judicial review under chapter 17A was inapplicable. 299 N.W.2d at 686–87. We concluded that Oliver's petition for judicial review, which was filed more than six months after the issuance of a no-probable-cause order, was timely filed. *Id.* Although the law then in existence required us to reach this conclusion, we invited the legislature to review the statutes.

The legislature responded with its 1983 amendment requiring a thirty-day time limit seeking judicial review of a no-probable-cause determination. It is an unequivocal statement that the legislature has a strong interest in bringing no-probable-cause determinations to a final conclusion. It was in direct response to the "invitation" to establish a time limit for finality we sent in *Oliver*.

The commission cannot circumvent this statute by creating a rule and interpreting such that it may reopen a case after the issuance of a no-probable-cause order, *whenever justice requires*. It would be an absurd result, if after the time for judicial review had passed, the commission could reopen an investigation.

## IV. *Time Limitation on Reopening.*

There is no statutory right to a "rehearing" after the issuance of a no-probable-cause order under Iowa Code section 17A.16, as the order is other agency action, not the result of a contested case. *Oliver*, 299 N.W.2d at 686. Thus, the only authority for the commission to create a rule that allows for a reopening is to be found in Iowa Code section 601A.15(11): "The commission shall establish rules to govern, expedite, and effectuate the procedures established by this chapter and its own actions thereunder." We cannot say that the commission's adoption of a rule regarding reopening is beyond this general mandate.

We equate a reopening of an investigation to a petition for rehearing in a contested case. The purpose of a rehearing, or in this case a reopening, "serves many of the same purposes as an Iowa Rule of Civil Procedure 179(b) motion." *Fisher v. Iowa Bd. of Optometry Examiners*, 476 N.W.2d 48, 51 (Iowa 1991). It allows the commission to address issues specifically directed to its attention that it may have previously overlooked. It promotes judicial economy. However, a reopening cannot be granted if the specific time for finality as determined by the legislature (thirty days) has been surpassed.

## V. *Conclusion.*

The commission's rule interpretation that it could reopen an investigation into alleged employment discrimination more than three years after the issuance of a no-probable-cause determination is in conflict with the limitations of Iowa Code § 601A.17(1). Therefore, the commission's interpretation cannot stand. The district court's dismissal of the commission's petition is affirmed.

AFFIRMED.