CITY OF DES MOINES, Appellant,

v.

**CITY DEVELOPMENT BOARD OF THE STATE of Iowa, Warren County, Iowa, The Iowa Rural Rights Association, Robert Dunn, June Tenhagen, David Van Patten, Raymond E. Phillips, Jr., Steve Klinefelter, Peg Klinefelter, William Don Harbert, Jim Shelley, Wayne Jones, Jo Jones, Bruce Strain, Debbie Cunningham, Car Cunningham, and John Francis Anderson, Appellees.**

Nos. 00–0419.

Supreme Court of Iowa.

Sept. 6, 2001.

---

* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2001).

See also 623 N.W.2d 820.

Mark Godwin, Deputy City Attorney, Des Moines, for appellant.

Thomas J. Miller, Attorney General and Christie J. Scase, Assistant Attorney General, for appellee City Development Board.

Robert H. Freilich of Freilich, Leitner & Carlisle, Kansas City, Missouri, and Kevin Parker, Warren County Attorney, for appellee Warren County.

James E. Van Werden of Hopkins & Huebner, P.C., Adel, for individual appellees and appellee Iowa Rural Rights Association.

John F. Anderson, Des Moines, pro se, appellee.

CADY, Justice.

In this appeal, we must decide if the district court had jurisdiction to hear a petition for judicial review of a decision by the City Development Board of Iowa to stay proceedings on a petition for annexation filed by the City of Des Moines. We conclude the district court did not have jurisdiction and affirm the decision of the district court.

## I. Background Facts and Proceedings.

In June 1998, the City of Des Moines (Des Moines) filed a petition with the City Development Board of Iowa (Development Board) for involuntary annexation. The Development Board is an administrative agency established to oversee city development in Iowa. Des Moines sought to annex approximately fifteen square miles of land in Warren County. The petition proposed the largest area of annexation in the history of Iowa, and included land near the city of Carlisle. Des Moines and Carlisle had entered into a ten-year written annexation moratorium agreement on July 2, 1990.

Around the same time as the annexation petition was filed by Des Moines, John Anderson and other property owners west of the city of Carlisle also filed a petition for involuntary annexation with the Development Board. They described themselves collectively as residents of "West Carlisle" and sought to annex the city of Carlisle. Additionally, Robert Dunn and many of the other property owners in Warren County, as well as the Iowa Rural Rights Association, filed a motion to dismiss the annexation petition filed by Des Moines. They claimed it contained numerous defects, including a defect in the legal description.

On July 16, 1998, the Development Board dismissed the petition for annexation filed by the residents of "West Car-

lisle." On September 10, 1998, the Development Board denied Dunn's motion to dismiss and approved the petition filed by Des Moines. However, it also tabled or stayed further action on the Des Moines petition pending judicial review of the decision to dismiss the petition sought by the residents of "West Carlisle."[1]

Dunn and the other Warren County residents filed a petition for certiorari with the district court challenging the failure of the Development Board to dismiss the annexation petition filed by Des Moines. On March 9, 1999, the district court dismissed the certiorari petition. It concluded judicial review was the exclusive means to review a Development Board decision. Dunn then filed an appeal to this court.

On May 14, 1999, the district court denied the petition for judicial review filed by the residents of "West Carlisle." Moreover, the prior stay order by the Development Board expired with the issuance of the district court decision. Consequently, the Development Board appealed the district court decision to this court.

In June 1999, Des Moines filed a motion with the Development Board to proceed with its annexation petition and to divide the annexation territory into two parts. On June 17, 1999, the Development Board voted to stay any further action pending resolution of the two cases on appeal to this court.

On July 6, 1999, Des Moines filed a petition for mandamus and writ of certiorari with the district court challenging the decision by the Development Board to

again stay the annexation petition. The respondents filed a motion to dismiss for lack of subject matter jurisdiction. The district court granted the motion to dismiss on October 15, 1999.

On November 4, 1999, Des Moines filed a petition with the district court for judicial review of the decision by the Development Board to stay its annexation petition pending the two appeals to this court. The Development Board moved to dismiss the petition for review. Warren County, the Iowa Rural Rights Association, and the individual property owners also moved to dismiss the petition.

The Development Board claimed judicial review was improper because Des Moines had failed to exhaust all of its administrative remedies and there was no showing that a final agency action would not provide an adequate remedy. In essence, the Development Board claimed Des Moines had to wait until the stay was lifted and the Development Board action was completed before judicial review was available. The other respondents claimed the petition for judicial review filed by Des Moines must be dismissed because it was not filed within thirty days of the Development Board's original decision on June 17, 1999.

Des Moines filed a resistance to the motions. Among other allegations, Des Moines claimed that it pled sufficient facts to support a showing that final action by the Development Board would not provide an adequate remedy. It also claimed the statutory time limits to seek judicial review did not apply because the stay order

---

1. A petition for annexation is initially submitted to the city development board, which "consists of five members appointed by the governor subject to confirmation by the senate." Iowa Code § 368.9 (1997). The board determines if the petition is legally sufficient. Id. §§ 368.11, .12. If the board finds the petition meets the statutory requirements, it establishes a committee to determine the merits of the petition. Id. § 368.14. The committee consists of the members of the board and the local representatives appointed by either the county board of supervisors or the city council. Id. The committee conducts a hearing to determine if the development plan should be approved. See id. §§ 368.15–.17.

was not a final action by the Development Board.

The district court dismissed the petition for judicial review. It determined the thirty-day statutory time limit to seek judicial review did not apply to interlocutory appeals and it had jurisdiction to hear the petition for judicial review. Nevertheless, it found Des Moines failed to show that review of the final agency action would not provide an adequate remedy, and dismissed the petition. Des Moines appealed.

## II. Standard of Review.

■ Our review is for errors at law. *See IES Utils. Inc. v. Iowa Dep't of Revenue & Fin.*, 545 N.W.2d 536, 538 (Iowa 1996).

## III. Jurisdiction.

■ Our first obligation in this case is to determine if we have authority to decide the appeal. *See State ex rel. Vega v. Medina*, 549 N.W.2d 507, 508 (Iowa 1996). A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite. *Sioux City Brick & Tile Co. v. Employment Appeal Bd.*, 449 N.W.2d 634, 638 (Iowa 1989); *Foley v. Iowa Dep't of Transp.*, 362 N.W.2d 208, 210 (Iowa 1985). If the district court in this case was without authority to hear the case because the petition for judicial review was untimely, the action must be dismissed. *See Sharp v. Iowa Dep't of Job Serv.*, 492 N.W.2d 668, 669 (Iowa 1992); 2 Am.Jur.2d *Administrative Law* § 569, at 558–59 (1994).

■ The Iowa Administrative Procedure Act is found in Iowa Code chapter 17A, and addresses the subject of judicial review in a comprehensive manner. *See* Iowa Code § 17A.19 (1997). It first provides that "[a] person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review...." *Id.* § 17A.19(1). This provision reflects the well-established administrative law doctrine known as the exhaustion of remedies, which exists principally to prevent courts from interfering with the administrative process until it has been completed. *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194, 203 (1969). There is, however, an essential exception to this doctrine that permits interlocutory review of an agency decision if the delay in obtaining judicial review until the agency proceeding is completed would deprive the litigant of an adequate remedy. *Salsbury Labs. v. Iowa Dep't of Envtl. Quality*, 276 N.W.2d 830, 836 (Iowa 1979). This exception is grafted into section 17A.19(1), which provides:

> A preliminary, procedural or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.

Thus, a party seeking interlocutory review from a decision of an administrative agency must not only establish that waiting for the administrative process to be completed would not provide an adequate remedy, but must also satisfy the exhaustion of administrative remedies doctrine. *Salsbury Labs.*, 276 N.W.2d at 836.

■ The Iowa Administrative Procedure Act also establishes a host of rules and procedures governing the judicial review process, including a time limit for the filing of a petition for judicial review. *See generally* Iowa Code § 17A.19. In a contested case proceeding, this time limit requires a petition for judicial review to be "filed within thirty days after the issuance of the agency's final decision in that con-

tested case."[2] *Id.* § 17A.19(3). On the other hand, "a petition for judicial review of agency action other than the decision in a contested case ... may be filed at any time petitioner is aggrieved or adversely affected by [the] action." *Id.* Thus, a petition for judicial review in a contested case proceeding must be filed within thirty days from the "agency's final decision," while a petition for judicial review of an agency rule or other noncontested case proceeding may be filed at any time. 2 Am.Jur.2d *Administrative Law* § 569, at 558. We have previously determined that the thirty-day rule applicable to the judicial review of agency decisions does not apply by implication to other types of agency action. *See Oliver v. Teleprompter Corp.*, 299 N.W.2d 683, 687 (Iowa 1980).

 Des Moines does not claim that the present action falls outside the definition of a contested case proceeding. *See Budde v. City Dev. Bd.*, 276 N.W.2d 846, 850–51 (Iowa 1979) (identifying characteristics of contested case proceedings under chapter 368). Instead, it asserts, as the district court found, that the thirty-day time limit applies only to judicial review from the final agency decision, not interlocutory review of non–final decisions. Under this approach, a non–final agency decision could be appealed at any time up to thirty days after the final judgment was entered.

We recognize our legislature has designated the thirty-day time limit for judicial review under section 17A.19(3) to begin from the issuance of the "agency's final decision" in the case. *See* Iowa Code

§ 17A.19(3). However, even if we assume this designated reference point means the thirty-day time limit under section 17A.19(3) does not apply to petitions for judicial review from interlocutory actions, the position urged by Des Moines overlooks the impact of the companion judicial review requirements found in Iowa Code chapter 368.[3]

Chapter 368 not only creates a state board to oversee city development through such methods as incorporation and annexation, but also establishes the procedure to govern petitions for city development. *See generally id.* ch. 368. Moreover, the chapter includes its own limited set of provisions for judicial review of the decisions made by the board or a committee established by the board. *See id.* § 368.22. In particular, section 368.22 allows a city, resident, or property owner to "appeal a decision of the board or a committee ... to the district court." *Id.* Additionally, this section provides the "[a]ppeal must be filed within thirty days of the filing of [the] decision...." *Id.*

This section does not distinguish between appeals from final decisions or appeals from interlocutory decisions. *See id.* Instead, the time limit imposed by section 368.22 clearly applies to all appeals taken from a board or committee decision in a city development case. Thus, we must determine if the time limit of section 368.22 applies to this case. Des Moines argues the comprehensive provisions of chapter 17A are the exclusive means to seek judicial review of agency action in Iowa, and section 368.22 is inapplicable.

---

**2.** The thirty-day time limit does not commence from the issuance of the agency's decision when a timely application for rehearing has been filed. Iowa Code § 17A.19(3). If an application for rehearing has been filed, the petition for judicial review must be filed within thirty days after denial of the application. *Id.*

**3.** We decline to address the issue whether the thirty-day time limit under section 17A.19(3) applies only when an appeal is taken from the final judgment of the agency and not from an interlocutory appeal. It is unnecessary to the resolution of this case, and has not been squarely raised or briefed by the parties. We reserve the issue for another case.

We acknowledge the Iowa Administrative Procedure Act is generally considered to be the exclusive form of judicial review from agency action to the district court. *IES Utils., Inc.*, 545 N.W.2d at 538. This is the first principle expressed in section 17A.19. *See* Iowa Code § 17A.19 ("judicial review provisions of this chapter shall be the exclusive means"). However, our legislature did not declare section 17A.19 to be the exclusive method for judicial review of agency action in all cases, but only when another statute does not expressly provide otherwise by specific reference to chapter 17A. *See id.*

■ Furthermore, we follow the principle that when more than one statute is pertinent to an inquiry, we first consider them together in an attempt to harmonize both statutes. *State v. Sullins*, 509 N.W.2d 483, 485 (Iowa 1993). A review of section 17A.19 and section 368.22 reveals our legislature clearly intended both statutes to apply to the judicial review of decisions by the Development Board. Section 368.22 specifically provides:

> The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action.

This language reveals a clear legislative intent for both sections to be given effect, and our preference is to read them together and harmonize them.

The thirty-day time limit to file a petition for judicial review in section 368.22 and the thirty-day time limit to file a petition for judicial review in section 17A.19(3) could be harmonized if the time limit in section 17A.19(3) is read to apply to both final interlocutory decisions and final agency actions. This, of course, is an issue we decline to decide at this time. Nevertheless, even if judicial review of interlocutory decisions is excluded from the thirty-day time limit under section 17A.19(3), so that a conflict exists between the two statutes, section 368.22 would prevail.

■ When one statute deals with a subject in a general and comprehensive manner and another statute deals with part of the same subject in a more definite and minute way, once again we attempt to harmonize both statutes if possible. *Goergen v. State Tax Comm'n*, 165 N.W.2d 782, 787 (Iowa 1969). Yet, if any conflict exists, the statute "dealing with the common subject matter in a minute way[ ] will prevail over the general statute ... unless it appears that the legislature intended to make the general [statute] controlling."[4] *Id.*

Section 17A.19 clearly deals with the subject of judicial review of agency decisions in a general and comprehensive manner. *See generally* Iowa Code § 17A.19. The provisions of section 368.22, on the other hand, deal with the same

---

4. Statutes have traditionally been classified as either general or special for purposes of interpretation, and are given a different effect on other statutes depending on their classification. *See* 82 C.J.S. *Statutes* § 355, at 474–75 (1999). A statute which refers to persons or things as a class is considered a general statute. *Crawford v. Iowa State Highway Comm'n*, 247 Iowa 736, 739, 76 N.W.2d 187, 189 (1956); 82 C.J.S. *Statutes* § 154, at 203. A statute which relates to a particular person of a class is a special statute. *Id.* When one statute deals with a subject in generally comprehensive terms and another statute deals with a part of the same subject in a more minute and definite way, to the extent a conflict exists between the two statutes, the special statute prevails over the general statute absent clear legislative expression to the contrary. *Crawford*, 247 Iowa at 740, 76 N.W.2d at 189. The special act is considered an exception to the general statute. 82 C.J.S. *Statutes* § 355, at 475.

subject of judicial review but only in a minute way. *See generally id.* § 368.22. Section 368.22 is confined to judicial review in city development proceedings, and targets only such areas as where and when the petition must be filed. *See id.* The statute only deals with a small portion of the subject of judicial review dealt with in section 17A.19. Thus, even assuming the comprehensive provisions of section 17A.19(3) would be interpreted to conflict with the thirty-day time limit of section 368.22, section 368.22 would control under our recognized doctrine of general and special statutes. In city development proceedings, our legislature has simply determined that all appeals must be filed within thirty days of the filing of the decision without regard to the nature of the appeal. Additionally, there is no indication our legislature intended to make section 17A.19(3) controlling. Instead, our legislature clearly intended both sections to apply. *See Goergen,* 165 N.W.2d at 787.

## IV. Conclusion.

■ We conclude that all petitions for judicial review filed in district court from a proceeding under chapter 368 are subject to the thirty-day time limit imposed by section 368.22. In this case, Des Moines failed to file its petition for judicial review within thirty days of the decision that is the subject of the petition for judicial review. Accordingly, the district court had no authority over the petition.

**AFFIRMED.**

SNELL, S.J.,* participates in lieu of STREIT, J., who takes no part.

---

* Senior judge assigned by order pursuant to

Iowa Code section 602.9206 (2001).