# IN THE COURT OF APPEALS OF IOWA

No. 21-0956
Filed April 27, 2022


**DARREN PETRO,**
        Plaintiff-Appellant,

**vs.**

**DAVENPORT CIVIL RIGHTS COMMISSION,**
        Defendant-Appellee.


**PALMER COLLEGE OF CHIROPRACTIC,**
        Intervenor.
_____


        Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


        Darren Petro appeals the denial of his petition for judicial review challenging the administrative closure of his complaint with the Davenport Civil Rights Commission. **AFFIRMED.**


        Thomas J. Duff and Jim Duff of Duff Law Firm, P.L.C., West Des Moines, for appellant.

        Latrice L. Lacey, Davenport, for appellee.

        Mikkie R. Schiltz and Alexander C. Barnett of Lane & Waterman LLP, Davenport, for intervenor.


        Heard by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Darren Petro appeals the denial of his petition for judicial review challenging the administrative closure of his complaint with the Davenport Civil Rights Commission (DCRC). The district court found Petro's petition was not timely and due process did not require reopening his complaint. We agree he filed his petition outside the thirty days to file for judicial review, and we affirm the dismissal of his petition as untimely.

## I.      Background Facts and Proceedings

In 2014, Petro filed a complaint with the Iowa Civil Rights Commission (ICRC) alleging he experienced discrimination and harassment based on his age and disability while a student at Palmer College of Chiropractic (Palmer College). After the screening process, the ICRC administratively closed Petro's case without further investigation. The ICRC determined age is not a protected class in education under the Iowa Civil Rights Act (ICRA).[1] The ICRC also found no reasonable probability of probable cause to support his claims based on disability. Petro did not request a right-to-sue letter from the ICRC on this first complaint.

Petro soon filed a similar complaint with the DCRC, again alleging discrimination and harassment based on age and disability. Unlike the ICRA, the Davenport Municipal Code explicitly prohibits discrimination in education on the basis of age as well as disability.[2] On October 16, 2017, the DCRC administratively closed Petro's case, writing, "An administrative closure is not a

---

[1] *See* Iowa Code § 216.9 (2014).
[2] Davenport, Iowa, Code § 2.58.125(A) (2014).

final determination of the merits of the case but merely a determination based on the limited resources of the commission."

Petro obtained a right-to-sue letter from the DCRC and then filed a civil action against Palmer College in district court. Petro claimed discrimination and harassment based on age and disability, retaliation, and breach of contract. On December 7, 2018, the district court dismissed Petro's petition, finding in part that the DCRC had no authority to confer original jurisdiction on the district court. On December 21, Petro filed a notice of appeal. The Iowa Supreme Court later affirmed the district court.[3]

Also on December 21, Petro filed his petition for judicial review, which is at issue here, naming the DCRC as the respondent agency. Petro argued the DCRC violated his due-process rights by administratively closing his complaint rather than deciding the merits. Palmer College was allowed to intervene and argued Petro's petition was not timely. On the parties' motion, the court then stayed the judicial-review action until resolution of the pending appeal in Petro's first court proceeding—the appeal ending with the supreme court affirming the district court's dismissal of Petro's petition. After the supreme court affirmed dismissal of Petro's civil action, the stay in the current action was lifted and the parties filed supplemental briefs, with the DCRC largely joining Petro's arguments and asserting it should have the opportunity to address the merits of Petro's complaint now that he could not pursue his discrimination claims in court. The court found Petro's petition was untimely and rejected his due-process claim. Accordingly, the

---

[3] *See Petro v. Palmer Coll. of Chiropractic*, 945 N.W.2d 763 (Iowa 2020).

court dismissed Petro's petition. Petro and the DCRC filed a joint motion to reconsider, asserting the court had no authority to decide the due-process claim after finding the petition was untimely. The court rejected the motion, finding the due-process claim was essential to Petro's petition.

Petro appeals. The DCRC responds and again largely agrees with Petro's arguments.[4] Palmer College intervenes and argues the district court was correct.

## II.     Standard of Review

Judicial review of a local civil rights commission is controlled by Iowa Code chapters 17A—the Iowa Administrative Procedure Act (IAPA)—and 216—the ICRA.[5] "The district court may properly grant relief if the agency action prejudiced the substantial rights of the petitioner and the agency action fits one of the enumerated criteria included in Iowa Code section 17A.19(10)(a)–(n)."[6] "We will apply the standards of section 17A.19(10) to determine if we reach the same result as the district court."[7]

## III.    Timeliness

Before reaching Petro's due-process claims, we must decide if his petition for judicial review was timely. "A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite."[8] "If the district court in this

---

[4] Because the DCRC largely agrees with and makes the same arguments as Petro, we will only refer to Petro's arguments as grounds for reversal. At oral arguments, Petro and the DCRC shared time to argue for reversal, and Palmer College argued to affirm.

[5] Iowa Code §§ 216.17(1)(a), .19(7) (2018); *Botsko v. Davenport Civ. Rts. Comm'n*, 774 N.W.2d 841, 844 (Iowa 2009).

[6] *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018).

[7] *Ghost Player, LLC*, 906 N.W.2d at 462.

[8] *City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001).

case was without authority to hear the case because the petition for judicial review was untimely, the action must be dismissed."[9] We review the court's ruling on the timeliness of the petition for correction of errors at law.[10]

Evaluating the timeliness of Petro's petition requires us to engage in statutory interpretation. Our goal "is to determine legislative intent."[11] "We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used."[12]

Generally, for judicial review of a contested case proceeding, "the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case."[13] For judicial review of agency action other than a decision from a contested case proceeding, "the petition may be filed at any time petitioner is aggrieved or adversely affected by that action."[14] A "contested case" is "a proceeding . . . in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing."[15] Petro argues he had no opportunity for an evidentiary

---

[9] *City of Des Moines*, 633 N.W.2d at 309.

[10] *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013).

[11] *Christiansen*, 831 N.W.2d at 188 (quoting *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004)).

[12] *Christiansen*, 831 N.W.2d at 188 (quoting *Auen*, 679 N.W.2d at 590).

[13] Iowa Code § 17A.19(3).

[14] Iowa Code § 17A.19(3).

[15] Iowa Code § 17A.2(5).

hearing on his complaint and thus the agency action was not a contested case proceeding subject to the thirty-day filing requirement.[16]

However, the ICRA contains provisions controlling judicial review of actions of a civil rights commission.  As relevant here, section 216.17(1)(c) states "a petition for judicial review of no-probable-cause decisions and other final agency actions[17] which are not of general applicability must be filed within thirty days of the issuance of the final agency action."  Petro argues section 216.17 does not directly apply to local civil rights commissions because it only refers to the "commission," which the ICRA specifically defines as the ICRC.[18]  However, section 216.19(7) discusses judicial review of the decisions of local civil rights commissions: "A final decision by a referral agency[19] shall be subject to judicial review as provided in section 216.17 in the same manner and to the same extent as a final decision of the Iowa civil rights commission."

---

[16] *See Oliver v. Teleprompter Corp.*, 299 N.W.2d 683, 686 (Iowa 1980) (finding a no-probable-cause determination by the ICRC is "agency action other than the decision in a contested case" (quoting Iowa Code § 17A.19(3)).

[17] Under Iowa Code section 17A.2(2), "agency action" is defined as:
> the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

[18] *See* Iowa Code § 216.2(1) (defining "commission" as "the Iowa state civil rights commission created by this chapter").

[19] A "referral agency" is "any agency of local government that has been awarded that status by contract with the" ICRC.  Iowa Admin. Code r. 161-1.6(2)(c).  "A municipal civil rights commission . . . is deemed a 'referral agency' for purposes of" section 216.19(7).  *Consolidated Freightways, Inc. v. Cedar Rapids Civ. Rts. Comm'n*, 366 N.W.2d 522, 526 (Iowa 1985).  The parties agree the DCRC is a referral agency.  *See Petro*, 945 N.W.2d at 789 (Appel, J., concurring in part and dissenting in part) (discussing "referral agencies like the DCRC").

Petro argues section 216.19(7) does not apply to his petition because the DCRC's administrative closure of his complaint was not a "final decision." According to Petro, "final decision" is a legal term that specifically means an agency decision from a contested case proceeding. Because his complaint did not result in a contested case with an evidentiary hearing, Petro argues the administrative closure of his complaint was not a "final decision."

"Final decision" is not defined in the ICRA.[20] Instead, Petro relies on the IAPA to support his argument that "final decision" means a decision following a contested case proceeding. While final decision is also not defined in the IAPA, it often appears in the IAPA in the context of contested case proceedings. Specifically, section 17A.15(1) states, "When the agency presides at the reception of the evidence in a contested case, the decision of the agency is a final decision." While this language confirms a contested case proceeding can produce a "final decision," nothing in the IAPA indicates a contested case is the only type of agency proceeding that can produce a "final decision." Put another way, the IAPA does not support Petro's argument that the "final decision" of an agency can only result from a contested case proceeding.

---

[20] The only use of "final decision" in the ICRA, other than in section 216.19(7), occurs in section 216.17(1)(b):

> For purposes of the time limit for filing a petition for judicial review under the Iowa administrative procedure Act, chapter 17A, specified by section 17A.19, the issuance of a *final decision* of the commission under this chapter occurs on the date notice of the decision is mailed to the parties.

(Emphasis added.)

Generally, a "decision" is "[a] judicial or agency determination after consideration of the facts and the law."[21] And "final" means "not requiring any further judicial [or agency] action."[22] Putting these general definitions together, a final decision is a decision reached after considering the facts and the law with no need for further agency action. This definition does not require a detailed consideration or explanation of the facts and the law, and it does not require a decision based on substance rather than procedure.

The legislative history of the ICRA supports a broad definition of "final decision." The language that would become section 216.19(7)—providing for judicial review of the "final decision" of a referral agency in the same manner as a decision of the ICRC—was enacted in 1978.[23] After the amendment, the Iowa Code provided for judicial review of the actions of the ICRC or referral agencies "in accordance with the terms of" the IAPA.[24] At this point, the ICRA contained no special provisions for the time to file for judicial review, so the time to file for judicial review of actions of either the ICRC or local commissions was identical. Our supreme court soon decided actions of the ICRC that were not the result of contested case proceedings had no time limit for judicial review.[25] In its decision, the supreme court recognized "[a] finding of no probable cause is a 'final decision,'" even though the finding did not result from a contested case proceeding.[26] In 1983,

---

[21] *Decision*, *Black's Law Dictionary* (11th ed. 2019).
[22] *Final*, *Black's Law Dictionary*.
[23] *See* 1978 Iowa Acts ch. 1179, § 21.
[24] Iowa Code § 601A.17(1) (1979). This language is currently codified at section 216.17(1)(a) (2018).
[25] *See Oliver*, 299 N.W.2d at 686–87.
[26] *Oliver*, 299 N.W.2d at 686.

the legislature responded by enacting the thirty-day filing requirement now found in section 216.17(1)(c).[27] Our supreme court noted the 1983 amendment was "an unequivocal statement that the legislature has a strong interest in bringing no-probable-cause determinations [and other final agency actions which are not of general applicability] to a final conclusion."[28] Even if "final decision" is ambiguous, the filing time requirements for judicial review of decisions of the ICRC and referral agencies were the same pre-amendment, and there is no logical reason for the legislature to now intend to impose different time requirements, bringing actions of the ICRC to a final conclusion within thirty days while allowing identical actions of local commissions to languish indefinitely.[29]

The October 16, 2017, administrative closure of Petro's complaint showed the DCRC considered the facts and the law before closing the complaint. Such action was not generally applicable, and the closure shows finality with no indication the DCRC would take further action. Therefore, giving the words their common and ordinary meaning, we conclude that the administrative closure of Petro's complaint was a "final decision" for purposes of section 216.19(7) and was thus subject to the thirty-day filing requirement of section 216.17(1)(c). Petro nevertheless asserts his petition was timely because he was not aggrieved until, at the earliest, the district court rejected his civil case on November 30, 2018. But the ICRA is clear the thirty days to file for judicial review begins "on the date notice

---

[27] *See* 1983 Iowa Acts ch. 57, § 1; *see also Iowa Civ. Rts. Comm'n v. Deere & Co.*, 482 N.W.2d 386, 389 (Iowa 1992) (discussing the 1983 amendment).
[28] *Deere & Co.*, 482 N.W.2d at 389.
[29] *See Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 534 (Iowa 2017) ("[W]here statutory terms are ambiguous, courts should interpret the statute in a reasonable fashion to avoid absurd results.").

of the decision is mailed to the parties."[30]  Petro filed his petition on December 21, 2018, well beyond the thirty days allowed to file.  Therefore, we find no error in the court's decision to dismiss Petro's petition as untimely.

## IV.    Due Process

Because we dismiss Petro's petition as untimely, we do not have jurisdiction to consider his due-process arguments.[31]   Palmer College maintains a determination of Petro's due-process rights is essential based on his arguments below.  We note Petro abandoned some arguments on appeal.  Even if due process was essential to Petro's arguments before the district court, Petro summarized his due-process argument on appeal:

> Petro did not have an opportunity to be heard on the merits of his claim prior to the closure of his case.  This closure was made for reasons that had nothing to do with the merits of his claim.  This violates the due process clauses of the state and federal constitutions.

This is a claim the DCRC violated his constitutional rights when it administratively closed his complaint.[32]  Because Petro's petition was untimely, we lack jurisdiction to consider his constitutional argument that the DCRC violated his due-process rights by administratively closing his complaint.

## V.    Other Considerations

Before we conclude, we note the outcome in this judicial review may seem harsh.  However, any perceived harshness is a result of the decisions Petro made.  Petro did not seek judicial review of the administrative closure of his complaint

---

[30] Iowa Code § 216.17(1)(b).
[31] *See City of Des Moines*, 633 N.W.2d at 309.
[32] *See* Iowa Code §17A.19(10)(a).

because he believed the district court had jurisdiction to hear his civil action asserting his discrimination claims. At oral argument, Petro conceded that this belief was not based on any interpretations of the applicable statutes by Iowa's appellate courts, but on Petro's interpretation of those statutes. The supreme court's decision in *Petro* made it clear that Petro's beliefs and interpretations of the applicable statutes were erroneous—as Petro did not have the ability to pursue his claim in district court—but, in doing so, it did not overrule any existing precedent.[33] In other words, this is not a case where the ground shifted under Petro's feet. Instead, Petro was standing on non-solid ground all along; he just didn't know it, through no fault of anyone but himself. As Petro conceded at oral argument, there is nothing that prevented him from filing a timely judicial review action of the DCRC case-closure decision while simultaneously trying to use a right-to-sue letter to take his claim to district court. Had he done so, he could have protected himself from the harm from which he now complains.

In light of our decision today, Petro may have no opportunity to directly pursue his discrimination claims in any forum. Our supreme court addressed the concern that Petro may not be able to pursue his discrimination claims in its ruling in Petro's prior case. The court noted individuals often do not have a private right of action to remedy a violation of law.[34] The court also noted Petro may have been able to privately pursue his disability discrimination claim after filing his first complaint with the ICRC, but he never requested a right-to-sue letter from the

---

[33] *Petro*, 945 N.W.2d at 778 ("We conclude the general assembly did not confer jurisdiction on our state courts to hear claims by private parties arising under municipal civil rights ordinances.").
[34] *Petro*, 945 N.W.2d at 778.

ICRC for this complaint.[35]  Finally, local civil rights commissions maintain powers to enforce their local civil rights ordinances,[36] and none of the DCRC's other powers to prohibit age discrimination in education are before us today.

## VI.    Conclusion

Petro was required to file his petition for judicial review within thirty days of the administrative closure of his complaint with the DCRC.  Because he failed to do so, his petition is not timely, and we do not consider his due-process claim.

**AFFIRMED.**

---

[35] *Petro*, 945 N.W.2d at 773.

[36] *Petro*, 945 N.W.2d at 778 ("[N]othing in today's decision affects enforcement of the local civil rights ordinances by local civil rights agencies.").