# IN THE COURT OF APPEALS OF IOWA

No. 24-0785
Filed August 20, 2025

**RONALD S. BERGMAN,**
Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A surgeon challenges a judicial review order affirming the Iowa Board of Medicine's decision to indefinitely suspend his license for failing to complete a neuropsychological evaluation. **AFFIRMED.**

Richard A. Bartolomei of Bartolomei & Lange, PLC, Des Moines, and Marc A. Humphrey (until withdrawal) of Humphrey Law Firm, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Ian M. Jongewaard, Assistant Solicitor General, for appellee.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**GREER, Presiding Judge.**

Dr. Ronald Bergman challenges the district court's decision on judicial review affirming the disciplinary order of the Iowa Board of Medicine (Board). Dr. Bergman raises issues on appeal regarding the Board's authority to enforce a requirement that he complete a neuropsychological evaluation despite the term being included in a settlement agreement he entered into and the Board's decision to subsequently suspend his medical license as a disciplinary measure for failing to comply with the requirement. Because we find Dr. Bergman's objections to the terms in the settlement agreement terms are untimely and the Board's disciplinary actions were within its scope of authority and supported by substantial evidence, we affirm.

**I. Background Facts and Proceedings.**

Dr. Bergman is a licensed surgeon specializing in plastic and reconstructive surgery since his medical license was issued in 1980. On February 20, 2020, Dr. Bergman received a confidential evaluation order from the Board ordering him to be evaluated by Acumen Assessments (Acumen). In addition to reviewing the Board's internal files, Acumen evaluated Dr. Bergman via teleconference. Based on the evaluation, Acumen concluded that Dr. Bergman exhibited no cognitive deficits. Even so, Acumen recommended that Dr. Bergman seek further evaluation by a neurologist to address any tremor.

Between 2020 and 2021, Dr. Bergman was evaluated numerous times by various specialists. These evaluators concluded that Dr. Bergman demonstrated a mild tremor in his hands, though the assessments did not conclusively state that the tremor would interfere substantially with his motor functions. During these

evaluations, a neurologist who evaluated Dr. Bergman stated that he had a "sustention tremor," which presented when his hands were outstretched.  As a result of the foregoing assessments, the Board found in January 2022 that Dr. Bergman demonstrated evidence of neurological impairment that might interfere with his ability to safely perform surgical procedures.

On January 27, 2022, the Board and Dr. Bergman entered into a combined statement of charges and settlement agreement (original settlement agreement). The document charged Dr. Bergman with "practicing medicine with a physical or mental impairment" and, through the settlement agreement, Dr. Bergman agreed to a sanction imposing a civil penalty against him, limiting his surgical procedures to an enumerated list, and placing him on one year of probation.  As a condition of his probation, Dr. Bergman had to engage in a worksite monitoring program, which required a designated physician to monitor his practice and provide the board with regular reports and quarterly evaluations.   Further, the original settlement agreement provided that upon completion of the probationary period on January 1, 2023, the Board would enter an order restricting Dr. Bergman from engaging in surgery altogether, but he could still engage in an office practice to include specific procedures only.

In May 2022, Dr. Bergman requested that the Board amend the settlement agreement (amended settlement agreement) to expand the enumerated procedures allowed under the original settlement agreement.   Additionally, Dr. Bergman sought a six-month extension of his probation period and offered modified language that he believed would resolve a credentialling issue he was experiencing at local hospitals, which limited his ability to perform surgeries.  The

Board granted Dr. Bergman's request to amend the settlement to extend the period of his probation, thus allowing him to practice for an additional six months, with the added condition that he undergo a comprehensive neuropsychological evaluation and submit a copy of his report by November 1, 2022. Both the original and amended settlement agreements contained the following provision:

> [Dr. Bergman] understands that by entering into this Order [Dr. Bergman] has a right to legal counsel in this matter, voluntarily waives any rights to a contested case hearing on the allegations in the Statement of Charges, and waives any objections to the terms of this Order.

With the benefit of legal counsel, Dr. Bergman signed the amended settlement agreement on June 16, 2022, and it was approved by the Board the next day. The amended settlement agreement specifically provided that "[t]he Board's approval of this amended Order shall constitute a Final Order of the Board." Both settlement agreements stated that the Board was required by federal law to report the orders to the National Practitioner Data Bank. Resulting from this mandatory reporting, Dr. Bergman's admitting privileges at local hospitals and surgery centers were revoked, hindering his surgical practice in the summer of 2022. Dr. Bergman later testified that because he could not obtain admitting privileges, he saw no point in complying with the neuropsychological evaluation requirement.

The Board issued a notice of hearing, statement of charges, and emergency adjudicative Order on December 16, 2022, which addressed Dr. Bergman's violation of the Board's final Order. At this point, Dr. Bergman acknowledged that the amended settlement agreement provision required the evaluation, but he argued that the Board lacked probable cause and acted improperly when including and enforcing it. After a hearing on June 16, 2023, the Board found Dr. Bergman

had violated the amended settlement terms and it suspended Dr. Bergman's medical license pending his submission to the required evaluation. The Board also held that Dr. Bergman had waived his right to object to the evaluation provision.

On August 14, Dr. Bergman filed a petition for judicial review. The district court affirmed the Board's decision to suspend Dr. Bergman's medical license. The court concluded it lacked jurisdiction to review the terms of the amended settlement agreement because Dr. Bergman failed to file his petition within thirty days of the formal approval of the amended settlement agreement, which constituted the final agency action. Still, the district court addressed the merits of Dr. Bergman's claim regarding the decision to suspend his medical license, concluding the suspension was within the Board's discretion after Dr. Bergman admitted noncompliance with the terms of the agreement.

Dr. Bergman appeals from the decision of the district court upholding the Board's determination.

## II. Standard of Review.

"Appellate review of the contested case proceeding of a licensing board is for correction of errors at law." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013). The agency is tasked with determining witness credibility and weighing the evidence. *Id.* at 192. "District courts exercise appellate jurisdiction over agency actions on petitions for judicial review." *Id.* at 186.

"In turn, we review the district court's decision to determine whether it correctly applied the law." *AFSCME Iowa Council 61 v. Iowa Pub. Emp. Rels. Bd.*, 846 N.W.2d 873, 877 (Iowa 2014) (cleaned up). "We must apply the standards set forth in [Iowa Code] section 17A.19(10) [(2023)] and determine

whether our application of those standards produces the same result as reached by the district court*." Id.* at 878 (cleaned up). If the same result is achieved—even if we get there on an alternative ground—we affirm the district court's judgment. *Id.* "Pursuant to Iowa Code section 17A.19(10), [we] must reverse agency action when any one of several enumerated circumstances exists and 'substantial rights of the person seeking judicial relief have been prejudiced' as a result." *Mosher v. Dep't of Inspections & Appeals*, 671 N.W.2d 501, 508 (Iowa 2003) (quoting Iowa Code § 17A.19(10)). "The burden of demonstrating . . . the invalidity of agency action is on the party asserting invalidity." Iowa Code § 17A.19(8)(a).

**III. Discussion.**

Dr. Bergman challenges the district court's denial of his petition for judicial review of the Board's requirement he undergo a comprehensive neuropsychological examination and the subsequent decision to suspend his medical license when he refused to comply with the agreed-upon term. Dr. Bergman raises the following issues on appeal: (1) the Board exceeded its authority when it included in the amended settlement agreement the requirement that he undergo a neuropsychological examination without probable cause and then suspended his medical license for not complying with the term; (2) the Board erred by not allowing him to show the Board's action was motivated by an improper purpose at the hearing involving his discipline; and (3) the Board's decision to suspend his license was not supported by substantial evidence in the record. Before addressing the issues raised by Dr. Bergman, we must first look to the question of jurisdiction. Because Dr. Bergman did not file his petition for judicial review within the statutory window, his objections to the neuropsychological

examination were untimely, and because the Board's disciplinary actions are supported by substantial evidence, we affirm the district court's denial of his petition for judicial review.

**A. Challenges to the Terms of the Settlement Agreement.**

Dr. Bergman says very little about the threshold issue of timeliness. He briefly asserts in his reply brief that his August 14, 2023 petition for judicial review was timely filed in response to the Board's July 2023 disciplinary order. In turn, the Board argues that the district court properly determined that it lacked jurisdiction to review the terms of the amended settlement agreement. The Board points to Iowa Code chapter 17A governing judicial review, which provides that judicial review "shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." *Id.* § 17A.19. Iowa Code further dictates that a petition for judicial review must be filed within thirty days of the agency's final decision. *Id.* § 17A.19(3). An agency's decision is final upon resolution of the contested case by combined statement of charges and settlement agreement. *See* Iowa Admin. Code r. 653-25.3(4) (*"A* combined statement of charges and settlement agreement shall constitute the resolution of a contested case proceeding.").

This court has held that settlement agreements between a physician and the Board form the "final agency action in a contested case proceeding," thereby requiring that a timely petition for judicial review must be filed within thirty days of the Board approval of the settlement agreement. *DeLouis v. Iowa Bd. of Med.*, No. 13-1623, 2014 WL 4230219, at *3 (Iowa Ct. App. Aug. 27, 2014) (concluding that the Board's approval of a settlement agreement constituted a final agency

action). In Dr. Bergman's case, that means that the statutory window to petition for judicial review to challenge the amended settlement agreement ended in July 2022. Yet Dr. Bergman's petition for judicial review, in which he complained there was not probable cause to support the term requiring him to undergo a comprehensive neuropsychological evaluation, was not filed until August 2023.

Upon review, we agree with the district court that Dr. Bergman's challenges to the amended settlement agreement are untimely. "A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite." *City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001).

Dr. Bergman did not petition for judicial review until after the Board found that he had failed to comply with the agreed-upon terms of the amended settlement agreement and—as a consequence—indefinitely suspended his medical license. Dr. Bergman argues that the final agency action of the Board occurred on July 14, 2023, when the Board disciplined him. But, to the extent that Dr. Bergman challenges the terms of his amended settlement agreement, we conclude the date of the Board's final agency decision was June 17, 2022, when the amended settlement agreement was approved. Most of the arguments raised by Dr. Bergman on appeal are challenges to the requirement he undergo a comprehensive neuropsychological evaluation, which he agreed to complete. Any appeal from the disciplinary order related to his suspension cannot be a vehicle for challenging the amended settlement agreement.[1]

---

[1] Because the amended settlement agreement provided that Dr. Bergman "waived any objections" to its terms, the Board also argues Dr. Bergman waived the challenges made in this appeal. We also find that argument compelling had we reached the merits. *See Dawson v. Iowa Bd. of Med. Exam'rs*, 654 N.W.2d 514,

Likewise, Dr. Bergman's argument that the requirement of a neuropsychological evaluation was driven by an improper motive and that, after making an offer of proof, the Board would not consider this claim, cannot be considered in this appeal as it again goes directly to a term of the amended settlement agreement, which had to be challenged within thirty days of it becoming final.

Given that the amended settlement agreement was approved on June 17, 2022, and Dr. Bergman did not file his petition for judicial review until August 14, 2023—423 days after the final agency action—we conclude that Dr. Bergman failed to satisfy the jurisdictional prerequisite of timeliness. Thus, we do not have jurisdiction to address challenges to the terms of the amended settlement agreement and we affirm the district court's denial of Dr. Bergman's petition for judicial review as it relates to the consented-to term requiring him to undergo a neuropsychological evaluation.

**B. Challenge to the Disciplinary Order.**

As we understand his appellate briefing, Dr. Bergman has not separated his argument that the requirement to undergo the neuropsychological evaluation was improper from his claim the imposition of the disciplinary sanction, but we must. After the hearing related to the discipline of Dr. Bergman, the Board ordered:

> [Dr. Bergman's] medical license is hereby indefinitely suspended until such time as he complies with paragraph 12(H) of the [amended settlement agreement] and obtains a comprehensive neuropsychological evaluation and provides a copy of the evaluation

---

519–20 (Iowa 2002) (noting "any objections to the terms of the settlement agreement at this time will not be considered, as [the physician] expressly waived the right to object to the settlement terms as part of the agreement he reached with the Board").

report to the Board monitoring coordinator. As detailed in paragraph 12(H) of the [amended settlement agreement], the Board Monitoring Committee shall approve the evaluator prior to [Dr. Bergman's] completion of the evaluation.

To the extent Dr. Bergman challenges this disciplinary action as part of this appeal, we find the district court correctly denied that challenge as well. Iowa Code section 148.6(2)(h) provides that the Board may discipline a licensee for "violating the terms and provisions of a consent agreement or informal settlement." The Board's authority was clear. And on this record, its disciplinary decision is supported by substantial evidence that Dr. Bergman violated the terms of the amended settlement agreement—which was a consent agreement—that the parties agreed was a final order of the Board. Substantial evidence means "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1).

Dr. Bergman agreed to the evaluation as a condition in the amended settlement agreement and then, undisputedly, failed to satisfy that condition after deciding there was no reason to comply since he could not obtain admitting privileges. This constitutes substantial evidence Dr. Bergman violated a consent agreement, and the Board was within its authority to discipline him for his failure to conform to the terms of the agreement he signed.

Dr. Bergman's other arguments are not compelling. As the district court found, any evidence that might be introduced for the purpose of attacking the amended settlement agreement was irrelevant to the issue of whether

Dr. Bergman complied with the agreed-upon term in that agreement. To the extent Dr. Bergman argues the Board was improperly motivated and lacked substantial evidence to require him to undergo the evaluation, we again emphasize that the provision was voluntarily agreed to in the amended settlement agreement.

**IV. Conclusion.**

Because we conclude Dr. Bergman's challenges to the terms of the amended settlement agreement are untimely, we have no jurisdiction to consider those challenges directed at the amended settlement agreement entered into more than a year before Dr. Bergman filed his petition for judicial review. However, as related to the later disciplinary order that stems from Dr. Bergman's violation of the amended settlement agreement, the Board's actions implementing and enforcing the terms of the amended settlement agreement were within its scope of authority and supported by substantial evidence. We affirm the district court's denial of the petition for further review.

**AFFIRMED.**